STATE OF NORTH CAROLINA v. MATHIAS BOLLING WINFREY, JR.

No. 7819SC986

(Filed 6 March 1979)

**Homicide § 19.1— self-defense not raised—character evidence inadmissible**
   Evidence of character or reputation is admissible in a homicide prosecution only when defendant relies on self-defense, not accident or misadventure, as his defense.

   Judge MITCHELL dissenting.

APPEAL by defendant from *Baley, Judge.* Judgment entered 26 May 1978 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 2 February 1979.

Defendant was charged in a bill of indictment, proper in form, for the offense of murder in the first degree, and was found guilty by a jury of murder in the second degree of one Bill

Janieri. Defendant was sentenced to a term of 60 years in the custody of the State Department of Correction and appeals.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Stephens, for the State.*

*Van Camp, Gill & Crumpler, by James R. Van Camp and Douglas R. Gill, for defendant appellant.*

ERWIN, Judge.

Defendant presents the following question for our determination:

"Whether the Trial Court erred in refusing to admit testimony by the former wife of the victim tending to show that the victim was a dangerous man, and that she had told the Defendant of his reputation and her experiences with him before the victim was killed, which testimony would have corroborated the Defendant's testimony and was relevant to the material issue of the Defendant's purpose in carrying a weapon when going to talk with the victim?"

We answer, "No."

Defendant strongly contends that:

"[T]he inability of the jury to consider this evidence, showing that the Defendant did have good reason to fear the victim during a meeting to talk and that the Defendant was of a character that he would reach for the Defendant deprived them of the opportunity adequately to consider the credibility of the Defendant's description of the events and to consider circumstances that might affect their verdict."

The record reveals that the issue of self-defense or of aggression was not raised by the evidence or submitted to the jury. Defendant proceeded upon the theory of accident. "He [defendant] wanted to talk to Janieri about Janieri's accusations that Winfrey had set fire to his studio. He had little knowledge of firearms. He did not intend to kill Mr. Janieri; it was an accident." Our Supreme Court held in *State v. Barbour,* 295 N.C. 66, 73, 243 S.E. 2d 380, 384 (1978):

"Evidence of the deceased's violent character, whether known to the defendant or not, is admissible in a homicide case where self-defense is in issue and the State's evidence is wholly circumstantial or the nature of the transaction is in doubt in order to shed light on the question of which party was the first aggressor. *State v. Blackwell*, 162 N.C. 672, 78 S.E. 316 (1913); Stansbury's N. C. Evidence (Brandis Rev., 1973), § 106; McCormick, Handbook of the Law of Evidence (2d ed., 1972), § 193."

This Court held in *State v. Allmond*, 27 N.C. App. 29, 31, 217 S.E. 2d 734, 736 (1975), "as a condition precedent to the admissibility of such evidence, the defendant must first present viable evidence of the necessity of self-defense."

Defendant urges that the above rule be extended by adding a new exception to permit character and reputation evidence of third parties in a homicide case wherein defendant relies on the defense of an accident or misadventure to excuse him from the homicide. The questions complained of and the answers excluded by the trial court were not material or relevant on the issue of death by reason of an accident. We find no merit in this assignment of error and refuse to extend the rule.

In the trial below, we find no prejudicial error.

Judge MARTIN (Robert M.) concurs.

Judge MITCHELL dissents.

Judge MITCHELL dissenting:

I respectfully dissent from the holding of the majority. Given the somewhat unique facts of this case, I would find evidence of the violent character of the deceased and the defendant's knowledge of that character admissible as tending to shed light upon the defendant's reasons for taking a gun with him to the scene of the crime alleged. The excluded evidence would also tend to shed some light however feeble upon the defendant's state of fright, if any, and the likelihood that an accident resulted which was induced by his reactions arising from fear. Any evidence which tends to shed light upon such matters in a criminal case should, in my view, be admitted for consideration by the jury. I would grant the defendant a new trial.