STATE OF NORTH CAROLINA v. KATHLEEN HARGROVE MATTHIS

No. 824SC122

(Filed 19 October 1982)

1. Homicide § 21.9— involuntary manslaughter—sufficiency of evidence to support conviction

Evidence showing that defendant pointed a gun at the deceased which she did not know would fire because two chambers were usually left empty so that a bullet would not be discharged the first time the trigger was fired, but that the gun did in fact fire, causing the death of the deceased, was evidence from which the jury could find the defendant guilty of involuntary manslaughter.

2. Jury § 5— release of persons from jury panel prior to trial—only two women on jury—absence of prejudice

The female defendant failed to show that she was prejudiced by the court's release of twelve women and ten men from the jury panel prior to trial where the jury which was impaneled contained only two women and defendant contended that she would rather have been tried by a jury containing more women, but the record did not show that women were systematically excluded from the panel or how many women were left on the panel after the 22 persons were released, and the record did not show whether defendant exercised all of her peremptory challenges.

3. Homicide § 19.1— inadmissibility of reputation of deceased for violence

Evidence that the deceased was a violent person and had a reputation for violence was properly excluded in a homicide case where there was no evidence that defendant acted in self-defense.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 26 November 1980 in Superior Court, DUPLIN County. Heard in the Court of Appeals 14 September 1982.

The defendant was tried for second degree murder. The State's evidence showed the defendant and the deceased were married. On 3 July 1980 they quarreled. During the course of the argument, the defendant shot her husband with a pistol thereby causing his death. The defendant testified that she and her husband kept only four bullets in the pistol, leaving two chambers empty so that a bullet would not be discharged the first time the trigger was pulled. She did not think a bullet would be discharged when she pulled the trigger. She testified she pointed the pistol at her husband and pulled the trigger "because I wanted him to see how serious I was about ending the fuss and getting things straightened out."

Defendant was found guilty of involuntary manslaughter. She appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Joseph B. Chambliss for defendant appellant.*

WEBB, Judge.

[1]   The defendant assigns error to the submission to the jury of the charge of involuntary manslaughter. The defendant argues that all her acts which resulted in the death of her husband were intentional and she could not be guilty of involuntary manslaughter. Involuntary manslaughter is an unintentional killing proximately resulting from culpable negligence or the commission of an unlawful act not amounting to a felony. *See State v. Cates,* 293 N.C. 462, 238 S.E. 2d 465 (1977). It has been held to be involuntary manslaughter when a person points a gun at another and, believing it to be unloaded, pulls the trigger which causes the gun to fire, proximately causing the death of the person at whom the gun was pointed. *State v. Turnage,* 138 N.C. 566, 49 S.E. 913 (1905) and *State v. Currie,* 7 N.C. App. 439, 173 S.E. 2d 49 (1970). We believe we are bound by *Turnage* and *Currie* to hold that evidence showing defendant pointed a gun at the deceased which she did not know would fire, which did in fact fire, causing

the death of the deceased, is evidence from which the jury could find the defendant guilty of involuntary manslaughter. It was not error to submit this charge to the jury.

[2]  The defendant also assigns error to the court's releasing 22 members of the jury panel prior to trial. Apparently there were more than enough persons on the panel and the court gave anyone who desired permission to be excused. Twelve women and ten men were excused. The jury that was empanelled contained ten men and two women. The defendant argues that she would rather have been tried by a jury that contained more women. The record does not show that women were systematically excluded from the panel or how many women were left on the panel after the 22 were released. The court could excuse prospective jurors without challenge from the State or the defendant. *State v. Smith*, 290 N.C. 148, 226 S.E. 2d 10 (1976). The record does not show whether the defendant exercised all her peremptory challenges. We hold the defendant has not shown she was prejudiced by the release of the 22 jurors. *See State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765 (1970).

[3]  Finally the defendant assigns error to the exclusion of evidence of previous assaults by the deceased on the defendant. In this case there was no evidence that the defendant acted in self-defense. Evidence that the deceased was a violent person or had a reputation for violence was properly excluded. *State v. Winfrey*, 40 N.C. App. 274, 252 S.E. 2d 283, *aff'd*, 298 N.C. 260, 258 S.E. 2d 346 (1979). This assignment of error is overruled.

No error.

Judges VAUGHN and WELLS concur.