STATE OF NORTH CAROLINA v. MATHIAS BOLLING WINFREY, JR.

No. 23

(Filed 3 October 1979)

**Homicide § 19.1— defense of accident—evidence of deceased's reputation inadmissible**

In a homicide prosecution in which defendant relied on the defense of accident, the trial court properly excluded testimony by the victim's former wife that the victim was a dangerous man and that she had told defendant of the victim's reputation prior to the time of the killing, since evidence of the victim's character traits is admissible under certain circumstances only in cases involving self-defense and is not relevant to a determination of whether defendant's pistol discharged accidentally and inflicted the fatal wounds.

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from *Baley, S. J.*, 22 May 1978 Session of MONTGOMERY Superior Court.

Defendant was charged in an indictment, proper in form, with the first degree murder of William John Janieri. He entered a plea of not guilty.

The evidence in this case may be summarized as follows: Defendant and Donna Small had dated and were engaged to be married during the period from January, 1977, to May, 1977. Thereafter, Ms. Small began dating the victim. On 3 November 1977, defendant went to Janieri's place of business to talk with him about accusations by Janieri that defendant had set fire to his store. He carried a loaded semi-automatic pistol in his raincoat because, according to him, he knew Janieri had a violent, unpredictable temper. He was afraid of him and carried the gun only as a "prop."

Defendant stated to an S.B.I. agent that the pistol discharged accidentally when Janieri reached "double handed" for him, touching the gun.

There was expert medical testimony that Janieri died as a result of two gunshot wounds to the head, fired at a range of six to ten inches from the victim's head.

At trial, defendant did not contend that he acted in self-defense but relied on the defense of accident. The jury returned a verdict of guilty of murder in the second degree, and defendant appealed from judgment imposing a sentence of imprisonment for a period of sixty years. The Court of Appeals in an opinion by Judge Erwin with Judge Martin (Robert M.) concurring and Judge Mitchell dissenting found no error in the trial. Defendant appealed to this Court pursuant to G.S. 7A-30(2).

*Rufus L. Edmisten, Attorney General, by Donald W. Stephens, Assistant Attorney General, for the State.*

*Van Camp, Gill & Crumpler, P.A., by James R. Van Camp, for defendant appellant.*

BRANCH, Chief Justice.

The sole question presented by this appeal is whether the trial judge erred in excluding testimony of the victim's former wife that he was a dangerous man and that she had told defendant of the victim's reputation prior to the time he was killed. Defendant contends that the excluded testimony was admissible (1) to show that deceased was the aggressor; (2) to show that defendant's fear of deceased was reasonable; (3) to corroborate

defendant's claim that he carried the gun with him because of his fear of the deceased; and (4) to corroborate defendant's version of the shooting.

The general rule is that evidence of the character of a third person who is not a witness or a party to an action is inadmissible. *State v. Barbour*, 295 N.C. 66, 243 S.E. 2d 380 (1978); *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967). *See* Stansbury's N. C. Evidence (Brandis Rev. 1973), § 105 and cases cited therein. Well-settled exceptions to the general rule are recognized in cases where there is a plea of self-defense. In such a case, evidence of a deceased's violent or dangerous character is admissible where (1) such character was known to the accused, or (2) the evidence of the crime is all circumstantial or the nature of the transaction is in doubt. *State v. Turpin*, 77 N.C. 473 (1877). The same rules are equally applicable to homicide cases and to both criminal and civil assault and battery cases. *See* Stansbury, *supra*, § 106 and cases cited therein.

Generally, evidence of a victim's violent character is irrelevant, but when the accused knows of the violent character of the victim, such evidence is relevant and admissible to show to the jury that defendant's apprehension of death and bodily harm was reasonable. *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967). Clearly, the reason for this exception is that, "a jury should, as far as is possible, be placed in defendant's situation and possess the same knowledge of danger and the necessity for action, in order to decide if defendant acted under reasonable apprehension of danger to his person or his life." *Id.* at 219, 154 S.E. 2d at 52.

The second of the recognized exceptions to the general rule permits evidence of the violent character of a victim because it tends to shed some light upon who was the aggressor since a violent man is more likely to be the aggressor than is a peaceable man. The admission of evidence of the violent character of a victim which was unknown to the accused at the time of the encounter has been carefully limited to situations where all the evidence is circumstantial or the nature of the transaction is in doubt. *See* Stansbury, *supra*, § 106; *State v. Blackwell*, 162 N.C. 672, 78 S.E. 316 (1913). The relevancy of such evidence stems from the fact that in order to sustain a plea of self-defense, it must be made to appear to the jury that the accused was not the aggressor. *See State v. Wynn*, 278 N.C. 513, 180 S.E. 2d 135 (1971).

Defendant contends that the exception should be extended to cases involving defenses other than self-defense, and more specifically, that the exceptions should apply where the defense of accident is raised. We disagree.

The North Carolina courts have consistently limited the recognized exceptions to the general rule to cases involving self-defense and in the case of *State v. Rawley,* 237 N.C. 233, 74 S.E. 2d 620 (1953), this Court specifically declined to extend the exception to the defense of accident.

In the instant case, defendant does not rely on self-defense. He relies solely on the defense of accident which, in effect, says that the homicide did not result from any volitional act on his part. Thus, there could be no relevancy in evidence tending to show that he acted reasonably. The only issue before the jury was whether the pistol discharged accidentally and, therefore, evidence of the victim's character traits could shed no light on whether the pistol accidentally discharged and inflicted the fatal wounds.

We hold that the trial judge properly excluded testimony from the victim's former wife to the effect that he was a dangerous man and that she had made defendant aware of the victim's reputation for violence prior to 3 November 1977.

The decision of the Court of Appeals is

Affirmed.

Justice BROCK took no part in the consideration or decision of this case.