STATE OF NORTH CAROLINA v. CHRISTOPHER CORNELIUS TAYLOR, DEFENDANT

No. COA02-440

(Filed 18 February 2003)

**1. Sentencing— habitual felon—multiple instances—only one indictment required**

The State may choose to use multiple habitual felon indictments, but only a single indictment is required and presenting multiple indictments (twenty in this case) may lead to handling those indictments as though they represent a separate crime.

**2. Sentencing— habitual felon—separate sentencing on status—error**

Sentences based only on attaining habitual felon status were vacated; one who acquires habitual felon status subjects himself only to having the sentences of his current convictions enhanced. The court has subject matter jurisdiction to sentence a defendant only upon his convictions and not upon his acquired status.

**3. Sentencing— habitual felon—judgment on status alone—not clerical error**

The entry of judgments for being an habitual felon could not be construed as clerical error where the error appeared on the judgment and the court's statements explicitly indicate the intent to enter judgments and sentences on the status of being an habitual felon.

Appeal by defendant from judgment entered 22 October 2001 by Judge J.B. Allen, Jr., in Superior Court, Wake County. Heard in the Court of Appeals 28 January 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Richard E. Jester for the defendant-appellant.*

WYNN, Judge.

In this appeal, we are constrained to hold under North Carolina law, the trial court erred by entering three judgments on habitual felony status, and sentencing defendant consecutively upon that status alone. *See State v. Patton,* 342 N.C. 633, 466 S.E.2d 708 (1996). Accordingly, we vacate the judgments entered by the trial court purporting to sentence defendant on obtaining the status of habitual felon.

The underlying facts on appeal show that on 23 March 2001, defendant pled guilty to ten counts of obtaining property by false pretenses, six counts of felonious breaking and entering, six counts of larceny after breaking and entering, three counts of felonious possession of stolen goods and six counts of misdemeanor possession of stolen goods (hereinafter referred to as defendant's "substantive convictions"). Additionally, the State *indicted defendant on twenty counts of being an habitual felon* to which he also pled guilty.

Following his pleas, the trial judge conducted a sentencing hearing on 22 October 2001 and entered the following judgments:

**First Judgment:** 01CRS2723, Judgment and Commitment on "Habitual Felon" described as a Class C felony. Sentence of 151 months to a maximum term of 191.

**Second Judgment:** 01CRS2724, Judgment and Commitment on "Habitual Felon" described as a Class C felony. Sentence of 151 months to a maximum term of 191, to begin at the expiration of the sentence imposed in 01CRS2723.

**Third Judgment:** 01CRS2725, Judgment and Commitment on "Habitual Felon" described as a Class C felony. Sentence of 151 months to a maximum term of 191, to begin at the expiration of the sentence imposed in 01CRS2724.

**Fourth Judgment:** 01CRS002726, Judgment and Commitment consolidating the ten counts of false pretense, six counts of felonious breaking and entering, six counts of larceny, three counts of felonious possession of stolen goods, six counts of misdemeanor possession of stolen goods, *and eighteen counts of*

*habitual felony including 01CRS0025.* As to each of the felonies listed under this judgment, the trial judge indicated that the punishment class was enhanced to Class C as provided for under our habitual felony statute. Sentence of 151 months to a maximum term of 191, to begin at the expiration of the sentence imposed in 01CRS2725.

Prior to being sentenced, defendant informed the court that he was not on probation when these current crimes occurred. The trial court disregarded defendant's statement and accepted the State's contention that defendant was on probation at the time of these crimes. However, on 24 October 2001, the State reported to the trial court that it had "mistakenly asserted that defendant was on probation at the time he committed the instant offenses." Accordingly, the trial judge reconsidered defendant's sentence and apparently amended the judgment with case number 01CRS2726 to be re-designated as 01CRS2725 with the sentence in the amended judgment to begin at the expiration of the sentence imposed in 01CRS2524. The intent as stated by the trial judge was to amend defendant's judgments from four to three consecutive sentences. Defendant appeals.

————————————

[1] Initially, we point out the imprudence of indicting a defendant upon separate habitual felon indictments. In this case, the State indicted defendant in twenty separate habitual felony indictments, each setting forth the same three prior offenses. In 1996, our Supreme Court held that "a separate habitual felon indictment is not required for each substantive felony indictment." *State v. Patton,* 342 N.C. 633, 635, 466 S.E.2d 708, 709 (1996) (rejecting the reasoning of the Court of Appeals that a one to one correspondence between substantive felony indictments and habitual felon indictments was required). One of the purposes of the habitual felon indictment is "to provide notice to a defendant that he is being prosecuted for his substantive felony as a recidivist." 342 N.C. at 636, 466 S.E.2d at 710. "A single habitual felon indictment in compliance with § 14-7.3 provides adequate notice of the State's intention to prosecute a defendant as a recidivist, regardless of the number of substantive felonies for which the defendant is being tried at that time. The statute and our case law require nothing further." *Id.* Thus, while the State may choose to use multiple habitual felon indictments, our Supreme Court only requires the use of a single indictment for all substantive felonies.

Indeed, the apparent wisdom of the Supreme Court's reasoning in *Patton* is borne out by the error committed in this case. Here, by

presenting twenty indictments to the trial court, the resulting error of entering judgment only on the habitual felon status ostensibly arose out of the mistaken handling of the individual indictments as though each represented a separate crime. However, it is well-recognized that,

Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence.

*State v. Thomas*, 82 N.C. App. 682, 683, 347 S.E.2d 494, 495 (1986).

[2] On appeal, defendant correctly contends the judgments based only on attaining the status of habitual felon should be vacated because the trial judge did not use the habitual felon status finding to enhance the sentence on the substantive offense, but rather, sentenced defendant for being a habitual felon only. Unquestionably, the judgments of 01CRS002723, 01CRS002724 and 01CRS002725 (habitual felon judgment part) only refer to the habitual felon status and do not contain substantive offenses that could have been enhanced by that status. Accordingly, in light of our case law holding this to be impermissible, we must vacate judgments against defendant purporting to sentence him for having attained the status of habitual felon.

The State in recognizing this fatal error responds in its brief that because each habitual felon *indictment* specifically references one of the twenty-five underlying felonies, "the trial court's intention presumably was that judgments reflect both the habitual felon charge and the underlying charge." Candidly the State concedes, "This, however, was not effected in the judgment, three of which indicates only the habitual felon charge and not the accompanying underlying charge." Thus, the State acknowledges that "Defendant correctly asserts that being an habitual felon is a status and not a crime, and that the habitual felon status standing alone will not support a criminal sentence . . . Upon a conviction as an habitual felon, the court must sentence the defendant for the underlying felony as a Class C felon." In sum, a trial court has subject matter jurisdiction to sentence a defendant only upon his criminal convictions, not upon his acquired status of being an habitual felon which is not a crime. Rather, one who acquires the status of being an habitual felon subjects himself only to having the sentences of his current criminal convictions enhanced as a Class C felon.

**[3]** Nonetheless, the State suggests that we should construe this error as clerical error and remand for correction. This we cannot do. Indeed, "[a] court of record has the inherent power to make its records speak the truth and, to that end, to amend its records to correct clerical mistakes or supply defects or omissions therein." *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000). However, "it cannot under the guise of an amendment of its records, correct a judicial error." *Id.* Most assuredly, a trial court's entry of judgment and sentence on a "non crime" is not a clerical error. *See State v. Gell*, 351 N.C. 192, 218, 524 S.E.2d 332, 349 (2000) (determining there was an obvious clerical error where the felony judgment findings of aggravating and mitigating factors form was inconsistent with the trial court's actual findings); *State v. Westbrooks*, 345 N.C. 43, 54-55, 478 S.E.2d 483, 490 (1996) (reviewing the record and transcript to determine whether a clerical error existed); *State v. Thomas*, —— N.C. App. ——, 570 S.E.2d 142, 151 (2002) (finding a clerical error existed where the trial court's actual findings were inconsistent with the AOC form). Rather, the error in this case was judicial in nature, not clerical.

The record indicates that in sentencing defendant to four consecutive terms of 151 to 191 months, the trial court stated:

> *And the Court takes four of the habitual felons.* He has a sentence of 151 months minimum, 191 months maximum to begin at the expiration. That totals to about 604 months minimum, 764 months maximum. And all the other charges are consolidated with the last one.

Two days later when the prosecutor reported that he had incorrectly informed the trial court that defendant was on probation when he committed the offenses, the trial court amended the judgment in 01 CRS 002725 and sentenced defendant to three consecutive terms of 151 to 191 months stating:

> So he was not on probation and for the record the Court did take that into consideration in the sentence. I'll ask that the record reflect the numerous charges on the calendar involving Christopher Taylor, but more important *20 counts of habitual felon.* 01 CRS 2723 through 2742. As I recall the Court gave him— *I gave him four consecutive sentences on four habitual felons 151 to 191.*

Thus, not only does the error of entering judgment on being an habitual felon appear on the face of each judgment; the trial court's

STATE v. TAYLOR

[156 N.C. App. 172 (2003)]

statements explicitly indicate the intent to enter judgments and sentences on the status of being an habitual felon. Accordingly, the record does not support the State's contention that the judgments contained clerical errors. "Clerical error has been defined . . . as 'an error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination' ". *State v. Jarman,* 140 N.C. App. at 202, 535 S.E.2d at 878; *see e.g., State v. Linemann,* 135 N.C. App. 734, 522 S.E.2d 781 (1999) (lower court corrected clerical errors in the judgment by correcting the defendant's race and correcting the class of the misdemeanor); *State v. Hammond,* 307 N.C. 662, 300 S.E.2d 361 (1983) (clerical error existed where the felony judgment and commitment form listed the crime of robbery with a deadly weapon as a Class C felony, whereas in fact it was a Class D felony).

In the case *sub judice,* neither the transcript nor the record reveal clerical errors; rather, the judgment reflects the trial court's actual judgment and sentence upon the purported offenses of "habitual felon" as stated in the transcript. Accordingly, the record shows convincingly that the entry of judgments upon the purported convictions of "habitual felon", was not a result of a clerical error.

In sum, we vacate the judgments and sentences in cases numbers 01CRS002723, 01CRS002724, and that part of 01CRS002725 which purports to be a judgment alone on attaining the status of habitual felon. However, we find no error in the amended case number 01CRS002725. Thus, the defendant's sentence of 151 months to 191 months of maximum imprisonment under amended case number 01CRS002725 is affirmed. Defendant's remaining contentions on appeal are without merit.

Vacated in part, no error in part.

Judges BRYANT and GEER concur.