STATE OF NORTH CAROLINA v. PRINCE McBRIDE

No. COA03-740

(Filed 6 September 2005)

**1. Evidence— character—drug use and drug dealing—no prejudice**

There was no prejudice in a prosecution for cocaine related charges from the erroneous admission of evidence that two people found at the motel room where defendant was arrested had a reputation for dealing or using illegal drugs. One person was found with a crack pipe in her hand and there was ample evidence to convict defendant without the reputation of the other. N.C.G.S. § 8C-1, Rule 404(a).

**2. Drugs— constructive possession—effort to hide contraband**

Evidence that defendant scuffled with officers outside his motel room permitted an inference that defendant sought to get inside the room to hide or dispose of his contraband, and was sufficient evidence of constructive possession to deny defendant's motion to dismiss.

**3. Sentencing— habitual felon—sufficiency of evidence**

The essential question in a habitual felon indictment is whether a felony was committed. There was enough evidence here to deny a motion to dismiss an habitual felon charge, although the deputy clerk of court did not testify to the date of the third offense.

**4. Sentencing— case number—habitual felon**

There was a clerical error, remanded for correction, where the trial court entered a judgment and commitment under the

case number assigned to the habitual felon indictment as opposed to the case numbers for the underlying offenses. The face of the commitment form shows that defendant was being sentenced for possession of cocaine and drug paraphernalia and that his habitual felon status merely increased his sentence.

**5. Drugs— possession of cocaine—felony**

Possession of cocaine is a felony which provides the superior court with jurisdiction and which can support an habitual felon sentence.

**6. Sentencing— aggravating factors—*Blakely* error**

Sentences in the aggravated range based upon an aggravating factor found by a judge rather than a jury were remanded for resentencing.

Appeal by defendant from judgment entered 8 July 2002 by Judge Michael E. Beale in Richmond County Superior Court. Heard in the Court of Appeals 24 August 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Emery E. Milliken, for the State.*

*James P. Hill, Jr., for defendant appellant.*

McCULLOUGH, Judge.

Defendant was indicted for possession of drug paraphernalia, possession of cocaine, maintaining a place to keep controlled substances, and being an habitual felon. After a jury trial, defendant was convicted on all charges but that of maintaining a place to keep controlled substances. He now appeals.

At trial, the State's evidence tended to show the following: On 18 May 2001, Officer Freeman, Chief Sweatt, and Major Harrelson, all of the Richmond County Sheriff's Department, were traveling in an unmarked vehicle on Carolina Street in Richmond County, in the direction of U.S. Highway 74. The officers went to the Chek-Inn Motel to investigate reports of illegal drug activity.

Officer Freeman testified that when the officers pulled into the Chek-Inn Motel parking lot, he saw defendant and defendant's brother Robert McBride ("Mr. McBride") outside and on either side of the door of Room 124. Evidence is disputed as to whether or not the

door was open. It appeared to the officers that defendant and Mr. McBride were engaged in a drug transaction.

When the officers approached defendant, he remained standing outside of Room 124 at the motel. Defendant admitted that Room 124 was his room. The manager of the motel, Mr. Patel, testified that defendant's name and address were on the motel documentation as the person who had rented the room for the time in question. The evidence showed that as the officers approached, Mr. McBride ran into the room and away from the table inside the room. Officer Freeman was able to see Mr. McBride the entire time. Officer Freeman immediately followed Mr. McBride into Room 124.

Inside the room, seated at the table, was Martha Chavis ("Ms. Chavis"). In her hand was a crack cocaine pipe, entered into evidence at trial as State's Exhibit #2. Across the table from her was yet another crack cocaine pipe, entered into evidence as State's Exhibit #3. The pipes were visible to one of the officers as soon as he reached the doorway.

As the officers approached the room door, defendant was standing within "three to four steps" of the crack pipe. Defendant smelled of crack cocaine and had the characteristics of someone who had used crack or cocaine. Initially, defendant tried to get into the room and a scuffle with one of the officers ensued, with defendant cursing. The crack pipes were tested and David Nicholas, forensic drug chemist with the State Bureau of Investigation ("SBI"), testified that State's exhibits 2 and 3 contained a substance that he positively identified as cocaine base.

Defendant did not present any evidence.

At the close of all evidence the court allowed defendant's motion to dismiss the State's charge of maintaining a place for controlled substances. The jury found defendant guilty of possession of drug paraphernalia and possession of cocaine. Subsequently, during the habitual felon stage of the trial, the same jury entered a verdict against defendant as being an habitual felon. The trial court imposed a sentence for defendant's convictions for possession of drug paraphernalia and possession of cocaine based upon his attainment of habitual felon status; however, the court erroneously entered the consolidated judgment under the file number assigned to the habitual felon indictment. In addition, because the court found that a nonstatutory aggravating factor existed, "obstruction of justice," based

on the fact that defendant did not appear at his trial, defendant received a sentence in the aggravated range of punishments.

On appeal, defendant contends that the trial court erred by: (I) allowing reputation evidence that Ms. Chavis was a drug user and Mr. McBride was a drug dealer; (II) failing to dismiss the charges of possession of drug paraphernalia and possession of cocaine; (III) failing to dismiss the habitual felon charge; (IV) imposing a sentence based on the habitual indictment and not the indictment for the underlying charges; (V) sentencing defendant as an habitual felon when the underlying charges were misdemeanors; (VI) failing to dismiss this case where jurisdiction was only proper in district court; and (VII) imposing an aggravated sentence in the absence of a jury finding, beyond a reasonable doubt, that an aggravating factor existed.

I.

**[1]** Defendant first contends that the court erred in admitting evidence, through the testimony of Officer Freeman and Chief Sweatt, that Ms. Chavis had the reputation for being a user of illegal drugs such as crack cocaine and Mr. McBride had the reputation for being a dealer of drugs such as cocaine and crack cocaine. Specifically, defendant contends that this was inadmissible character evidence under N.C. Gen. Stat. § 8C-1, Rule 404(a) (2003) of third parties to this matter.

Rule 404(a) states in relevant part:

(a) *Character evidence generally.*—Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.*—Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) *Character of victim.*—Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

(3) *Character of witness.*—Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

"The general rule is that evidence of the character of a third person who is not a witness or a party to an action is inadmissible." *State v. Winfrey*, 298 N.C. 260, 262, 258 S.E.2d 346, 347 (1979); *State v. Barbour*, 295 N.C. 66, 74, 243 S.E.2d 380, 385 (1978). While there are some exceptions to this general rule, we find none are invoked on the facts before us. *See, e.g., Winfrey*, 298 N.C. at 262, 258 S.E.2d at 347 (where there is a plea of self-defense and there is evidence of a deceased's violent or dangerous character).

We agree with defendant that admitting the reputation evidence of Ms. Chavis and Mr. McBride violated Rule 404(a) and was error. In the instant case, the only logical relevance of admitting their reputation for drug use and drug dealing respectively, was to show that on the day in question, they were acting in conformity with their reputation in the company of defendant. The State contends this evidence is relevant to show the circumstantial evidence relevant to its theory of constructive possession of the drugs and paraphernalia by defendant. However, the intent of Rule 404(a) is to limit such circumstantial use of character evidence for only its provided exceptions, none of which are invoked on these facts. *See* N.C. Gen. Stat. § 8C-1, Rule 404(a)(1), (2) & (3).[1]

However, defendant has not shown prejudice such that "a different result likely would have ensued had the evidence been excluded." *State v. Gappins*, 320 N.C. 64, 68, 357 S.E.2d 654, 657 (1987); *State v. Allen*, 162 N.C. App. 587, 598, 592 S.E.2d 31, 40 (2004), *appeal dismissed*, 358 N.C. 546, 599 S.E.2d 557 (2005); *see also* N.C. Gen. Stat. § 15A-1443(a) (2003). There was already evidence before the jury that Ms. Chavis had a crack cocaine pipe in her hand when the officers entered the room. Therefore, evidence of her reputation as a drug user was patently harmless. Further, as indicated *infra* in Section II, there was ample evidence to convict defendant without evidence of Mr. McBride's reputation for drug use and drug sales. Thus, defendant was not prejudiced by the improperly admitted testimony.

This assignment of error is overruled.

---

1. We note that, by providing evidence that other drug users and dealers were in the proximity of the drugs and paraphernalia which were found, such evidence actually creates a stronger inference against the State's theory of constructive possession by defendant. This is especially true in light of the trace amounts which were found.

II.

[2] Defendant next contends the court erred in failing to deny his motion to dismiss the charges of possession of drug paraphernalia and possession of cocaine. We do not agree.[2]

Upon review of a motion to dismiss, this Court determines whether there is substantial evidence, viewed in the light most favorable to the State, of each essential element of the offense charged and of defendant being the perpetrator of the offense. *State v. Stancil,* 146 N.C. App. 234, 244, 552 S.E.2d 212, 218 (2001), *modified and aff'd,* 355 N.C. 266, 559 S.E.2d 788 (2002) (per curiam); *State v. Compton,* 90 N.C. App. 101, 103, 367 S.E.2d 353, 355 (1988). "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Morgan,* 111 N.C. App. 662, 665, 432 S.E.2d 877, 879 (1993).

The State's theory for both of the possession charges in this case was constructive possession. The State is not required to prove actual physical possession of the controlled substance or paraphernalia; proof of constructive possession by the defendant is sufficient to carry the issue to the jury and such possession need not be exclusive. *State v. Perry,* 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Constructive possession exists when a person, while not having actual possession of the controlled substance or paraphernalia, has the intent and capability to maintain control and dominion over a controlled substance or paraphernalia. *State v. Williams,* 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983). Where a controlled substance is found on premises under the defendant's control, this fact alone may be sufficient to overcome a motion to dismiss and to take the case to the jury. *State v. Harvey,* 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). If a defendant does not maintain control of the premises, however, "other incriminating circumstances" must be established for constructive possession to be inferred. *State v. Alston,* 91 N.C. App. 707, 710, 373 S.E.2d 306, 309 (1988). Our determination then " 'depends on the totality of the circumstances in each case. No single factor controls, but ordinarily *the questions will be for the jury.*' " *State v. Butler,* 147 N.C. App. 1, 11, 556 S.E.2d 304, 311 (2001) (quoting *State v. Jackson,* 103 N.C. App. 239, 243, 405 S.E.2d 354, 357 (1991), *aff'd,* 331 N.C. 113, 413 S.E.2d 798 (1992)), *aff'd,* 356 N.C. 141, 567 S.E.2d 137 (2002).

---

2. When analyzing this issue, we have not considered the improperly admitted testimony discussed in Section I.

STATE v. McBRIDE

[173 N.C. App. 101 (2005)]

Defendant was not in exclusive control of the premises at the time the drugs and paraphernalia were seized, and therefore other incriminating circumstances were necessary to support the constructive possession theory. In the instant case, the evidence of other incriminating circumstances was as follows: the officers approached the Chek-Inn Motel in an unmarked vehicle observing what appeared to be a drug transaction between defendant and his brother; officers were responding to reported drug activity at the motel; the supposed transaction was taking place outside of Room 124 with the door open; defendant admitted that Room 124 was his room; a business record from the motel shows that defendant's identification information was given to the desk clerk at registration; defendant had stayed in the Chek-Inn Motel on four or five previous occasions and was known to the proprietor; defendant smelled of crack cocaine and had the characteristics of someone under the influence of the drug; when defendant observed the officer approaching the room, he tried to get inside the motel and a scuffle with one of the officers ensued keeping him outside of the room and detained; one of the two crack pipes was visible as soon as the officers reached the doorway; and Ms. Chavis was inside holding one crack pipe in her hand, with the other before her on a table.

This evidence was sufficient for a reasonable mind to infer that defendant constructively possessed at least one of the two crack pipes in which the crack cocaine was found. In particular, defendant's scuffle with the officers outside the motel room permitted an inference that defendant sought to get inside the motel room and hide or dispose of his contraband before the officers could seize it. *See State v. Neal*, 109 N.C. App. 684, 685, 428 S.E.2d 287, 288 (1993) (holding that incriminating circumstances supported an inference of constructive possession when defendant was seen in an apartment bathroom where cocaine was later discovered, but fled the bathroom when the officers entered the apartment); *contra State v. Acolatse*, 158 N.C. App. 485, 486-87, 581 S.E.2d 807, 807 (2003) (holding that there was insufficient evidence of the defendant's constructive possession of controlled substances when officers lost sight of the defendant for a few seconds, and upon seeing him again, saw the defendant make a throwing motion towards a location where the drugs were *not* found.)

This assignment of error is overruled.

III.

[3] Defendant next contends that the trial court erred in denying his motion to dismiss the habitual felon charge, because the State lacked

any evidence that defendant had been found guilty of the predicate felonies. We do not agree.

At the outset, we note that on 29 April 2004, this Court granted the State's motion to amend the record on appeal to include the State's trial exhibit S-16, which contained court files for 87 CRS 6559, exhibit S-17, which contained court files for 92 CRS 7845, and exhibit S-18, which contained court files for 99 CRS 9612. These three exhibits were introduced at the trial as evidence of defendant's conviction of the prior felonies for the purpose of proving his habitual felon status.

In addition, the State elicited testimony from Jane Carriker (Ms. Carriker), Deputy Clerk in the Richmond County Clerk's Office for 12 years. Ms. Carriker testified to the dates of the felony offenses committed by defendant and the convictions for those offenses, as set out in exhibits S-16 and S-17. As to exhibit S-18, Ms. Carriker testified this exhibit included a bill of information which revealed defendant was charged with felony larceny from the person and that this exhibit also contained a transcript of plea and a judgment and commitment that showed defendant was found guilty of larceny from the person on 6 March 2000. However, she did not testify regarding the date the offense was committed. These exhibits were not published to the jury, but they were entered into evidence and were available to the jury upon request.

For purposes of the habitual felon statute, the evidence to be used to prove prior convictions is set out in N.C. Gen. Stat. § 14-7.4 (2003), which states:

> [T]he record or records of prior convictions of felony offenses shall be admissible in evidence, but only for the purpose of proving that said person has been convicted of former felony offenses. A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction.

In the instant case, exhibits containing both the dates of defendant's prior offenses and resulting convictions for three felonies were properly admitted into evidence. With the exception of the date of the third offense, all of the offense and conviction dates were testified to by the Deputy Clerk of Court for Richmond County. We hold that the testimony of the third conviction date was substantial evidence that defendant committed a third felony offense and is sufficient to sur-

STATE v. McBRIDE

[173 N.C. App. 101 (2005)]

vive defendant's motion to dismiss the habitual charge. *See, e.g.,*
*State v. Locklear*, 117 N.C. App. 255, 260, 450 S.E.2d 516, 519 (1994)
(holding that the fact that another felony was committed, as opposed
to its specific date, is the essential question in the habitual felon
indictment). We are comfortable in this conclusion in light of the fact
that the jury could have requested to see exhibit S-18, which con-
tained the date of the third offense.[3]

This assignment of error is overruled.

IV.

[4] Defendant next contends, and the State concedes, that the
trial court erred in entering a Judgment and Commitment for de-
fendant under the case number assigned to the Habitual Felon
Indictment as opposed to the case numbers for the underlying
offenses. We conclude that this error was a clerical error, and re-
mand for correction.

When indicting a defendant as an habitual felon, N.C. Gen. Stat.
§ 14-7.5 (2003) requires:

> The indictment that the person is an habitual felon shall not be
> revealed to the jury unless the jury shall find that the defendant
> is guilty of the principal felony or other felony with which he is
> charged. If the jury finds the defendant guilty of a felony, the bill
> of indictment charging the defendant as an habitual felon may be
> presented to the same jury. *Except that the same jury may be*
> *used, the proceedings shall be as if the issue of habitual felon*
> *were a principal charge.*

Therefore, defendant should be sentenced under the principal charge
to ensure that his habitual status is not itself being used to determine
the conviction.

Defendant was found guilty of the principal charges of posses-
sion of cocaine and possession of drug paraphernalia, case numbers
01 CRS 51293-94. Based on these convictions, the jury was presented
with the indictment of defendant as an habitual felon for that phase
of the trial, case number 01 CRS 04184. He was then determined by
the same jury to have attained habitual felon status pursuant to
Article 2A of N.C. Gen. Stat. § 14. The judgment and commitment

---

3. We note that the habitual indictment contained all three dates on which the
prior offenses were committed, and the dates of conviction for those offenses. This
was in accord with N.C. Gen. Stat. § 14-7.3 (2003).

form was filed under the habitual felon case number, and the form also listed all of the charges for which defendant was found guilty. Defendant was then given one active sentence, as a Class C felon pursuant to the habitual felon statute. *See* N.C. Gen. Stat. § 14-7.6 (2003) (sentencing of habitual felon).

Defendant argues this issue is controlled by *State v. Taylor*, 156 N.C. App. 172, 576 S.E.2d 114 (2003). In T*aylor*, the defendant pled guilty to ten counts of obtaining property by false pretenses, six counts of felonious breaking and entering, six counts of larceny after breaking and entering, three counts of felonious possession of stolen goods and six counts of misdemeanor possession of stolen goods. *Id.* at 173, 576 S.E.2d at 115. Additionally, the State indicted defendant on twenty counts of being an habitual felon to which he also pled guilty. *Id.* This Court noted that it is better practice for the State to only indict a defendant once as an habitual felon for the underlying substantive crimes, no matter how many are being charged. *Id.; see also State v. Patton*, 342 N.C. 633, 636, 466 S.E.2d 708, 710 (1996) (holding that one habitual indictment is sufficient to put a defendant on notice he is being prosecuted for his substantive offense as a recidivist). In *Taylor*, we vacated the sentences based solely on the basis of defendant's attainment of habitual felon status, and held that one who acquires habitual felon status subjects himself only to having the sentences of his current convictions enhanced. *Taylor*, 156 N.C. App. at 173, 576 S.E.2d at 115.

The instant case presents a different situation. The only error in this case was that the judgment and commitment form entered by the trial court was filed under the habitual felon indictment case number. Defendant insists that the use of the wrong case number demonstrates that his sentence was imposed solely upon his habitual felon status. However, the face of the commitment form shows that defendant was being sentenced for his charges of possession of cocaine and drug paraphernalia, and that his status as an habitual felon merely increased his sentence on the substantive offenses to that of a Class C felony. This is in accord with the habitual felon statute.

Therefore, we remand this case to the Richmond County Superior Court and direct the court to file the judgment and commitment form under the substantive case numbers, 01 CRS 51293-94. *See, e.g., State v. Hammond*, 307 N.C. 662, 300 S.E.2d 361 (1983) (holding that clerical error existed in the felony judgment and commitment form listing the crime of robbery with a deadly weapon as a Class C felony, whereas in fact it was a Class D felony); *State v. Jarman*, 140 N.C.

**STATE v. McBRIDE**

[173 N.C. App. 101 (2005)]

App. 198, 202, 535 S.E.2d 875, 878 (2000) (" '[A] court of record has the inherent power to make its records speak the truth and, to that end, to amend its records to correct clerical mistakes or supply defects or omissions therein[.]' "). (citation omitted).

V.

[5] In a Motion for Appropriate Relief defendant contends that the trial court erred by sentencing him as an habitual felon when the jury failed to find him guilty of a felony. Specifically, defendant contends that possession of cocaine cannot support an habitual felon sentence as either a substantive or predicate felony. This argument has recently been rejected by our Supreme Court in *State v. Jones*, 358 N.C. 473, 478-79, 598 S.E.2d 125, 128-29 (2004).

VI.

In the same Motion for Appropriate Relief, defendant contends that, because possession of cocaine is a misdemeanor, as opposed to a felony, the superior court lacked jurisdiction to try him. This is so, defendant contends, because N.C. Gen. Stat. § 7A-272 (2003) imbues district courts with the exclusive jurisdiction to try criminal actions "below the grade of felony." However, as indicated in part V, *supra*, possession of cocaine is a felony. Therefore, the superior court had jurisdiction to try defendant in the instant case.

VII.

[6] Defendant also contends that he was unconstitutionally sentenced to a term in the aggravated range based on judicial findings that an aggravating factor existed and warranted enhanced punishment. Specifically, defendant contends that his sentence could not be aggravated in the absence of a jury finding beyond a reasonable doubt that the alleged aggravating factor existed. We agree and remand for defendant to be sentenced in accordance with the principles set forth in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, *reh'g denied*, 542 U.S. 961, 159 L. Ed. 2d 851 (2004), and *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005).

No prejudicial error in part; remanded for clerical changes and resentencing.

Judges TIMMONS-GOODSON and HUNTER concur.