STATE OF NORTH CAROLINA
v.
JAMES EDWIN BUCK.
No. COA07-471
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Michael D. Youth, for the State.
Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant appellant.
McCULLOUGH, Judge.
Defendant appeals judgments entered after a jury verdict of guilty of felonious breaking and entering, attempted felonious larceny, and felonious operation of a motor vehicle to elude arrest. We determine there was no prejudicial error.

FACTS
On 25 October 2004, James Edwin Buck ("defendant") was indicted on charges of felonious breaking and entering, attempted felonious larceny, and felonious operation of a motor vehicle to elude arrest. On 24 and 25 May 2005, defendant was tried for these charges in Pitt County Superior Court, Judge Clifton W. Everett, Jr., presiding. The jury returned a verdict of guilty on each of the charges. After he was found guilty of the underlying felonies, defendant was then tried before the same jury for two charges of being an habitual felon. The jury returned a verdict of guilty on both charges. Accordingly, the trial judge entered two judgments against defendant. The first judgment, imposing a sentence of between 133 and 169 months, listed defendant's charges of felonious breaking and entering and attempted felonious larceny as well as one of his charges for being an habitual felon. The second judgment imposed a sentence of between 107 and 138 months and listed defendant's charge of felonious operation of a motor vehicle to elude arrest in addition to defendant's second charge for being an habitual felon. Defendant now appeals from these judgments.

I.
Defendant first argues that the trial court erred in entering judgments for defendant under the case numbers assigned to the habitual felon indictments rather than under the case numbers for the principal offenses. We determine that this error was a clerical error, and remand for correction.
N.C. Gen. Stat.  14-7.5 (2007), which governs habitual felon indictments, provides in pertinent part:
When an indictment charges an habitual felon with a felony as above provided and an indictment also charges that said person is an habitual felon as provided herein, the defendant shall be tried for the principal felony as provided by law. The indictment that the person is an habitual felon shall not be revealed to the jury unless the jury shall find that the defendant is guilty of the principal felony or other felony with which he is charged. If the jury finds the defendant guilty of a felony, the bill of indictment charging the defendant as an habitual felon may be presented to the same jury. Except that the same jury may be used, the proceedings shall be as if the issue of habitual felon were a principal charge. If the jury finds that the defendant is an habitual felon, the trial judge shall enter judgment according to the provisions of this Article.
"Therefore, defendant should be sentenced under the principal charge to ensure that his habitual status is not itself being used to determine the conviction." State v. McBride, 173 N.C. App. 101, 109, 618 S.E.2d 754, 760, disc. review denied, 360 N.C. 179, 625 S.E.2d 111 (2005).
In the case sub judice, a jury found defendant guilty of the principal charges of felonious operation of a motor vehicle to elude arrest, case number 04 CRS 058266; felonious breaking and entering, case number 04 CRS 058151; and attempted felonious larceny, case number 04 CRS 058151. Based on these convictions, the same jury was then presented with indictments of defendant as an habitual felon, case numbers 04 CRS 015544 and 04 CRS 015545. The jury determined defendant had attained habitual felon status, pursuant to Art. 2A of N.C. Gen. Stat.  14 (2007). Following the jury's determinations, two judgments were entered against defendant. The first judgment listed defendant's convictions for felonious breaking and entering and attempted larceny as well as his status as an habitual felon, case number 04 CRS 015544. The second judgment, listing defendant's conviction of felonious operation of a motor vehicle to elude arrest, also contained the defendant's status as an habitual felon, case number 04 CRS 015545. Both judgments were filed under the case numbers of the corresponding habitual felon indictments.
Defendant contends that the use of the habitual felon case numbers amounted to reversible error, as the trial court's actions taken together with the resulting judgments indicated the trial court acted under a fundamental misapprehension of the law. We are unpersuaded by defendant's contentions. A review of the record reveals defendant is correct in his assertion that the judgments were incorrectly filed under the habitual felon case numbers rather than under the case numbers of the principal charges. See McBride, 173 N.C. App. at 109, 618 S.E.2d at 760. However, defendant's contention that this error amounted to reversible error is unwarranted.
This Court examined a similar issue in State v. McBride, where a judgment against the defendant was incorrectly entered under the case number associated with defendant's status as an habitual felon. Id. In reviewing the error, the McBride Court held that the trial court had otherwise acted in accordance with the habitual felon statute where "the face of the commitment form shows that defendant was being sentenced for his [principal charges], and that his status as an habitual felon merely increased his sentence on the substantive offenses to that of a Class C felony." Id. at 110, 618 S.E.2d at 760-61.
Here, as in McBride, the judgment forms correctly listed the substantive offenses. Further, following the jury's determination of defendant's status as an habitual felon, the trial court confirmed that the underlying felony was being elevated due to this status. Therefore, we hold the trial court's incorrect use of the habitual felon case numbers, rather than the numbers associated with the underlying felonies, when filing the judgments amounted to clerical error. Accordingly, we remand this case to the Pitt County Superior Court and direct the court to file the judgment and commitment forms under the case numbers associated with the underlying felonies. See McBride, 173 N.C. App. at 110-11, 618 S.E.2d at 761.

II.
Defendant next argues the trial court erred in admitting a plea transcript in violation of N.C. Gen. Stat.  15A-1025 (2007). We disagree.
During the sentencing hearing, the State sought to introduce evidence of three prior judgments against defendant. Although two of these judgments listed defendant's correct birthday, 16 October 1969, the third judgment, for possession of stolen goods, incorrectly listed defendant's birthday as 10 October 1969. In an attempt to resolve this inconsistency and show that the date of 10 October 1969 was a clerical error, the State also sought to introduce, over defendant's objection, a transcript of plea for the possession of stolen goods charge. Specifically, the State sought to introduce language in the plea agreement, signed by defendant, indicating that his correct date of birth was 16 October 1969. After considering defendant's objection, the trial judge admitted the three judgments as well as the transcript of plea.
On appeal, defendant argues the trial judge incorrectly admitted the transcript of plea as evidence of defendant's status as an habitual felon. According to defendant, the introduction of a plea agreement, and the record that accompanies that agreement, violates N.C. Gen. Stat.  15A-1025, which provides:
The fact that the defendant or his counsel and the prosecutor engaged in plea discussions or made a plea arrangement may not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceedings.
Although N.C. Gen. Stat.  15A-1025 does not expressly prohibit the introduction of pleas a defendant has entered and not withdrawn, defendant's argument would appear correct when viewed only in the context of this statute. However, defendant's argument fails to make note of N.C. Gen. Stat.  14-7.4 and N.C. Gen. Stat.  15A-1026, which also govern the introduction and recordation of guilty pleas. "It is . . . a fundamental canon of statutory construction that statutes which arein pari materia, i.e., which relate or are applicable to the same matter or subject, although enacted at different times must be construed together in order to ascertain legislative intent." Carver v. Carver, 310 N.C. 669, 674, 314 S.E.2d 739, 742 (1984). Thus, we will examine  15A-1025 in the context of these additional statutes to determine if it was meant as a prohibition against the introduction of guilty pleas.
Where a defendant is charged with being an habitual felon, N.C. Gen. Stat.  14-7.4 (2007) provides that "the record or records of prior convictions of felony offenses shall be admissible in evidence, but only for the purpose of proving that said person has been convicted of former felony offenses." For the purposes of  14-7.4, "a felony offense is defined as an offense which is a felony under the laws of the State or other sovereign wherein a plea of guilty was entered or a conviction was returned regardless of the sentence actually imposed." N.C. Gen. Stat.  14-7.1 (2007). Thus, N.C. Gen. Stat.  14-7.4 allows the State to introduce the record of a prior felony offense, to which the defendant pled guilty, for the purpose of proving defendant's previous conviction. Where defendant was convicted of a felony offense based on a plea of guilty, the record of the offense must include
the judge's advice to the defendant, and his inquiries of the defendant, defense counsel, and the prosecutor, and any responses. If the plea arrangement has been reduced to writing, it must be made a part of the record; otherwise the judge must require that the terms of the arrangement be stated for the record and that the assent of the defendant, his counsel, and the prosecutor be recorded.
N.C. Gen. Stat.  15A-1026 (2007). When viewed in pari materia, these statutes provide for the introduction of a guilty plea, and the record accompanying that plea, for the purpose of showing defendant was convicted of a prior felony. This conclusion, however, would seem to conflict with N.C. Gen. Stat.  15A-1025, which generally prevents the introduction of evidence regarding plea discussions. See N.C. Gen. Stat.  15A-1025. While the aforementioned statutes, when read together, may present some ambiguity, the Official Commentary accompanying  15A-1025 clarifies this matter. The Official Commentary to N.C. Gen. Stat. 15A-1025 notes:
The parallel provision in A.L.I. Code  350.7 has an initial qualifying clause: "Unless the defendant subsequently enters a plea of guilty or nolo contendere which is not withdrawn. . . ." The Commission thought this clause unnecessary as G.S. 15A-1022(b) requires the judge to examine the defendant as to plea arrangements, and G.S. 15A-1026 requires that a verbatim record be kept.
It is clear from this commentary that our Criminal Code Commission did not reject the notion that guilty pleas could be used as evidence, but rather did not include a provision in N.C. Gen. Stat.  15A-1025 exempting guilty or nolo contendere pleas because the Commission thought that this evidence would be admissible under related statutes. See id. This proposition is further bolstered when we view N.C. Gen. Stat.  15A-1025 in light of Rule 410 of our Rules of Evidence, which governs the introduction of plea discussions at trial. Rule 410 provides that "[a]ny statement made in the course of plea discussions with an attorney for the prosecuting authority which do[es] not result in a plea of guilty or which result[s] in a plea of guilty later withdrawn" is inadmissible in any criminal proceeding. N.C. Gen. Stat.  8C-1, Rule 410(4) (2007). Therefore, we hold N.C. Gen. Stat.  15A-1025 does not prohibit the admission of guilty or nolo contendere pleas, or the records that accompany these pleas, if such pleas have been entered by the defendant and not later withdrawn. Accordingly, as the trial court in this case admitted evidence of defendant's plea agreement to show he had previously been convicted of possession of stolen goods, we hold the trial court did not err by admitting evidence of defendant's prior guilty plea.

III.
Defendant lastly argues his trial counsel afforded him ineffective assistance. We disagree.
Claims for ineffective assistance of counsel (IAC) brought for direct review "will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). This rule conforms to the general principle that appellate review is ordinarily limited to "the record on appeal [and] the verbatim transcript of proceedings, if one is designated[.]" N.C.R. App. P. 9(a) (2008); Fair, 354 N.C. at 166, 557 S.E.2d at 524-25. "Attorney conduct that falls below an objective standard of reasonableness and prejudices the defense denies the defendant the right to effective assistance of counsel." Fair, 354 N.C. at 167, 557 S.E.2d at 525; see Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, reh'g denied, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984); State v. Strickland, 346 N.C. 443, 454-55, 488 S.E.2d 194, 200-01 (1997), cert. denied, 522 U.S. 1078, 139 L. Ed. 2d 757 (1998). An IAC claim must establish that the professional assistance the defendant received was unreasonable and that the outcome at trial would have been different absent such assistance. Fair, 354 N.C. at 167, 557 S.E.2d at 525; Strickland, 466 U.S. at 687-88, 80 L. Ed. 2d at 693.
The test for determining if a criminal defendant has received effective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, and adopted by our Supreme Court in State v. Braswell, 312 N.C. 553, 324 S.E.2d 241 (1985). According to our Supreme Court:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
Braswell, 312 N.C. at 562, 324 S.E.2d at 248 (quoting Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693)).
In the case sub judice, defendant attempts to meet the first requirement by showing that his counsel failed to obtain a ruling on defendant's motion to record all the proceedings. In support of his argument, defendant relies on N.C. Gen. Stat.  15A-1241 (2007), which provides in pertinent part:
(a) The trial judge must require that the reporter make a true, complete, and accurate record of all statements from the bench and all other proceedings except:
(1) Selection of the jury in noncapital cases;
(2) Opening statements and final arguments of counsel to the jury; and
(3) Arguments of counsel on questions of law.
(b) Upon motion of any party or on the judge's own motion, proceedings excepted under subdivisions (1) and (2) of subsection (a) must be recorded. The motion for recordation of jury arguments must be made before the commencement of any argument and if one argument is recorded all must be. Upon suggestion of improper argument, when no recordation has been requested or ordered, the judge in his discretion may require the remainder to be recorded.
The plain language of the statute makes it clear that jury selection, opening statements of counsel, closing arguments of counsel, and arguments of counsel on questions of law need not be recorded in noncapital cases, absent a motion by one of the parties.See State v. Hardison, 326 N.C. 646, 661, 392 S.E.2d 364, 373 (1990). Here, defendant argues defense counsel acted in a deficient manner by failing to obtain a ruling on defendant's motion to record the proceedings. However, defendant has made no argument as to how he was prejudiced in any of these unrecorded proceedings. Defendant's only claim is that the lack of a full record prejudiced his right to full appellate review. Even assuming arguendo that defense counsel was deficient in his performance because he failed to obtain a ruling on his motion, defendant has failed to show how defense counsel's actions caused him to be prejudiced. Therefore, defendant has failed to meet his burden as set forth in Strickland, 466 U.S. 668, 80 L. Ed. 2d 674, and Braswell, 312 N.C. 553, 324 S.E.2d 241. Accordingly, defendant's assignment of error is overruled.
No prejudicial error but remanded for correction of clerical errors.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).