An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1258
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.                                    Rutherford County
                                      No. 12 CRS 00294
APRIL BLAND WOOD


Appeal by Defendant from order entered 15 April 2013 by Judge Gary Gavenus in Superior Court, Rutherford County. Heard in the Court of Appeals 29 April 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Donald R. Teeter, Sr., for the State.*
>
> *Appellate Defender Staples Hughes, by Assistant Appellate Defender John F. Carella and Assistant Appellate Defender Benjamin Dowling-Sendor, for Defendant-Appellant.*


McGEE, Judge.


April Bland Wood ("Defendant") appeals from the trial court's order modifying the terms of her probation and imposing Confinement in Response to Violation ("CRV") for a period of sixty days, pursuant to N.C. Gen. Stat. § 15A-1344(d2) (2013).

Defendant pleaded guilty to possession of stolen goods and possession of methamphetamine on 7 March 2011. In accordance

with Defendant's plea agreement, the trial court sentenced Defendant to an active term of six to eight months' imprisonment for possession of stolen goods, and a suspended term of four to five months' imprisonment for possession of methamphetamine. The trial court placed Defendant on supervised probation for thirty months.

Probation violation reports were filed in February and May 2012, alleging that Defendant violated the terms of her probation. The trial court entered an order finding Defendant in violation of her probation on 6 August 2012, and imposed a ninety-day CRV.

Probation violation reports were again filed on 28 January 2013 alleging that Defendant had again violated her probation. The trial court entered an order on 15 April 2013 finding that Defendant was in violation of her probation and ordered Defendant incarcerated for sixty days — the balance of her remaining sentence — as CRV. *See* N.C. Gen. Stat. § 15A-1344(d2).

Defendant wrote to the superior court on 21 April 2013 and requested an appeal. Appellate entries were filed and the Appellate Defender was appointed to represent Defendant. Defendant filed a petition for writ of certiorari with this

Court on 9 December 2013, in which counsel conceded that Defendant's letter to the superior court failed to comply with Rule 4 of the North Carolina Rules of Appellate Procedure. Specifically, Defendant's letter failed to specify the court to which she wished to appeal, did not designate the order from which she wished to appeal, and was not served upon the State. Accordingly, Defendant requested that this Court issue a writ of certiorari to review the trial court's 15 April 2013 order.

The State moved to dismiss Defendant's appeal on 15 January 2014. The State contends that, even if the Court were to overlook Defendant's failure to comply with Rule 4, the appeal should be dismissed. The State asserts that a defendant does not have a statutory right to appeal from an order imposing CRV pursuant to N.C. Gen. Stat. § 15A-1347. *State v. Romero*, __ N.C. App. __, 745 S.E.2d 364 (2013). We note, however, that this Court declined to express any opinion on the issue of whether a CRV that constitutes the balance of a defendant's sentence would constitute a *de facto* revocation entitling the defendant to appellate review. *Romero*, __ N.C. App. at __ n. 1, 745 S.E.2d at 366 n.1; N.C. Gen. Stat. § 15A-1344(d2). In our discretion, we grant Defendant's petition for writ of certiorari, and deny the State's motion to dismiss.

We conclude, however, that Defendant's appeal is wholly frivolous in that counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that they have complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of her right to file written arguments with this Court and providing Defendant with the documents necessary for her to do so.

Defendant has not filed any written arguments on her own behalf with this Court and a reasonable time in which she could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous. Accordingly, we affirm the trial court's order.

Furthermore, Defendant requests this Court to remand this case "for correction of the trial court's order dated 15 April

2013 to correct the dates of the violation reports and delete the reference to the non-existen[t] third paragraph of the second violation report." Counsel for Defendant notes that "[s]uch a remand by itself, however, will provide [Defendant] with no relief[.]" We note that the practice of remanding for correction of a clerical error appears to be a relatively new practice deriving from *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008).

The cases which *Smith* cites show that the "clerical error" analysis previously consisted of reviewing a correction the trial court had already made to see whether the error corrected was judicial or merely clerical. *See State v. Taylor*, 156 N.C. App. 172, 177, 576 S.E.2d 114, 117-18 (2003); *State v. Cannon*, 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956).

The trial court has the authority to correct clerical errors. "It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth." *State v. Linemann*, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999) (quoting *Cannon*, 244 N.C. at 403, 94 S.E.2d at 342). On the other hand, the trial court does not have the authority to correct judicial errors. *Taylor*, 156 N.C. App. at

176, 576 S.E.2d at 117 (a trial court cannot, "under the guise of an amendment of its records, correct a judicial error").

*Smith* therefore appears to be inconsistent with older case law. However, pursuant to *State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125, 134 (2004), we may only point out the inconsistency. In accordance with *Smith*, this case is so remanded for correction of the clerical errors noted.

Affirmed in part; remanded in part.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).