STATE OF NORTH CAROLINA v. KENNETH EDGAR PATTON, DEFENDANT

No. 9425SC542

(Filed 6 June 1995)

**Criminal Law § 1284 (NCI4th)— habitual offender—indict-
ments required for substantive offense and habitual
offender status**

The trial court erred by giving defendant five life sentences
where defendant was indicted for five counts of forgery, five
counts of uttering forged paper, one count of conspiracy to com-
mit forgery, and one count of conspiracy to commit uttering
forged paper; the forgery and uttering counts were consolidated
and the conspiracy counts were attached to the combined forgery
and uttering counts; and there was only one habitual felon indict-
ment. In order to enhance a defendant's sentence for a substan-
tive felony on the basis of his status as an habitual felon, there
must be a corresponding habitual felon indictment. Since there
was only one habitual felon indictment, the trial court erred by
enhancing all five convictions. N.C.G.S. § 14-7.3.

**Am Jur 2d, Habitual Criminals and Subsequent
Offenders § 20.**

**Chronological or procedural sequence of former con-
victions as affecting enhancement of penalty under habit-
ual offender statutes. 7 ALR5th 263.**

Appeal by defendant from judgment entered 14 March 1994 by
Judge Zoro J. Guice, Jr. in Caldwell County Superior Court. Heard in
the Court of Appeals 20 February 1995.

*Attorney General Michael F. Easley, by Assistant Attorney
General Sue Y. Little, for the State.*

*C. Gary Triggs, P.A., by C. Gary Triggs, for defendant-appellant.*

WYNN, Judge.

Defendant was convicted of five counts of forgery, five counts of uttering forged paper, one count of conspiracy to commit forgery, and one count of conspiracy to commit uttering forged paper. He was also found guilty of being an habitual felon. The trial court sentenced defendant to six consecutive life sentences in prison. Defendant appealed and in an unpublished opinion, *State v. Patton*, 112 N.C. App. 546, 436 S.E.2d 415 (1993), this Court remanded for a resentencing hearing. After the resentencing hearing, the trial court sentenced defendant to five consecutive life sentences. From this judgment, defendant appeals.

Initially, we note that defendant's brief exceeds the page limitation of Rule 26(j) of the Rules of Appellate Procedure which subjects his appeal to dismissal. *State v. Puckett*, 54 N.C. App. 576, 284 S.E.2d 326 (1981); *State v. Lesley*, 33 N.C. App. 237, 234 S.E.2d 476 (1977). This violation is especially egregious since defendant argues issues in his brief that were rejected by this Court in its previous opinion. Rather than dismiss this appeal for this violation, we instead assess to defendant's attorney, personally, the costs of printing defendant's entire brief. We also conclude that defendant's other arguments which address the resentencing hearing are without merit.

After reviewing the record, however, we find that there was only one habitual felon indictment which could be used to enhance a conviction for a subsequent felony. The trial court erred by enhancing all five convictions with the habitual felon status when there was not a corresponding indictment which could attach to each conviction.

N.C. Gen. Stat. § 14-7.3 provides:

An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony. An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the

court wherein said pleas or convictions took place. No defendant charged with being an habitual felon in a bill of indictment shall be required to go to trial on said charge within 20 days of the finding of a true bill by the grand jury; provided, the defendant may waive this 20-day period.

N.C. Gen. Stat. § 14-7.3 (1993).

"This procedure contemplates two separate indictments, one for the predicate substantive felony and one for the ancillary habitual felon charge." *State v. Cheek*, 339 N.C. 725, 728, 453 S.E.2d 862, 863 (1995). Being an habitual felon is not a crime but rather a status which subjects the individual subsequently convicted of a crime to increased punishment for that crime. *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977); *State v. Penland*, 89 N.C. App. 350, 365 S.E.2d 721 (1988). An habitual felon who is convicted of a subsequent felony is sentenced as a Class C felon which has a presumptive term of 15 years and a maximum term of life imprisonment. N.C. Gen. Stat. § 14-1.1 (1993); N.C. Gen. Stat. § 14-7.6 (1993).

N.C. Gen. Stat. § 14-7.3 does not require the substantive felony indictment to cross-reference the habitual felon indictment, *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985); *State v. Sanders*, 95 N.C. App. 494, 383 S.E.2d 409, *disc. review denied*, 325 N.C. 712, 388 S.E.2d 470 (1989), nor does it require the habitual felon indictment to refer to the substantive felony, *Cheek*, 339 N.C. at 728, 453 S.E.2d at 864. The statute does require, however, two indictments in order to sentence an individual as an habitual felon; a substantive felony indictment and an habitual felon indictment. The habitual felon indictment attaches as an ancillary proceeding to the substantive felony. *Allen*, 292 N.C. at 434, 233 S.E.2d at 587. Therefore, in order to enhance a defendant's sentence for a substantive felony on the basis of his status as an habitual felon, there must be a corresponding habitual felon indictment. *See, e.g. State v. Netcliff*, 116 N.C. App. 396, 448 S.E.2d 311 (1994) (Defendant, an habitual felon, was indicted for four offenses and charged in four corresponding indictments as an habitual felon.).

In the instant case, defendant was indicted on twelve counts: five counts of forgery, five counts of uttering forged paper, one count of conspiracy to commit forgery, and one count of conspiracy to commit uttering forged paper. After the resentencing hearing, the trial court consolidated the forgery and uttering counts together and attached the two conspiracy counts to two combined forgery and uttering

counts. The trial court then enhanced each of the five counts to Class C felonies, found the aggravating and mitigating factors as required by N.C. Gen. Stat. § 15A-1340.4, and found that the aggravating factors outweighed the mitigating factors. The trial court sentenced defendant to life imprisonment for each of the five counts, to be served consecutively.

Since there was only one habitual felon indictment, the trial court erred by enhancing all five convictions. The statute requires a one-to-one correspondence between the substantive felony indictment and the habitual felon indictment. "An indictment which charges a person who is an habitual felon . . . with the commission of any felony . . . *must, in order to sustain a conviction of habitual felon,* also charge that said person is an habitual felon." N.C. Gen. Stat. § 14-7.3 (1993) (emphasis added). Therefore, this matter must be remanded for resentencing.

Sentence vacated and remanded for resentencing.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.