STATE OF NORTH CAROLINA v. KENNETH EDGAR PATTON

No. 255PA95

(Filed 9 February 1996)

**Criminal Law § 1284 (NCI4th)— habitual felon—separate indictment for each felony not required**

A separate habitual felon indictment is not required for each substantive felony indictment since the plain meaning of N.C.G.S. § 14-7.3 is that the habitual felon indictment must be a separate document, not that a separate habitual felon indictment is required for each substantive felony charge; a defendant charged as an habitual felon is defending himself against a charge that he has at least three prior felony convictions, not against the predicate substantive felony; and a single habitual felon indictment in compliance with § 14-7.3 provides adequate notice of the State's intention to prosecute a defendant as a recidivist, regardless of the number of substantive felonies for which the defendant is being tried at that time. The decision of *State v. Netcliff*, 116 N.C. App. 396, 448 S.E.2d 311, is overruled to the extent that it can be read as being contrary to this holding.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 119 N.C. App. 229, 458 S.E.2d 230 (1995), vacating the sentences on defendant's convictions of five counts of forgery, five counts of uttering a forged instrument, one count of conspiracy to commit forgery, one count of conspiracy to

utter a forged instrument, and being an habitual felon, all entered by Guice, J., at the 14 March 1994 special session of Superior Court, Caldwell County, and remanding for resentencing. Heard in the Supreme Court 13 December 1995.

*Michael F. Easley, Attorney General, by Jeffrey P. Gray and Sue Y. Little, Assistant Attorneys General, for the State-appellant.*

*C. Gary Triggs, P.A., by C. Gary Triggs, for defendant-appellee.*

WHICHARD, Justice.

Defendant was charged with five counts of forgery, five counts of uttering forged paper, one count of conspiracy to commit forgery, one count of conspiracy to commit uttering forged paper, and one count of habitual felon status. In June 1992 he was convicted by a jury of all twelve substantive felonies and was subsequently convicted of being an habitual felon based on previous convictions of second-degree murder, voluntary manslaughter, and possession of a firearm by a convicted felon. The trial court consolidated the charges and sentenced defendant to six consecutive life sentences.

Upon defendant's appeal, the Court of Appeals, in an unpublished opinion, remanded for resentencing for the trial court's failure to make the required written findings of factors in aggravation and mitigation. *State v. Patton,* 112 N.C. App. 546, 436 S.E.2d 415 (1993). Following a resentencing hearing in March 1994, the trial court found factors in aggravation and mitigation and sentenced defendant to five consecutive life sentences. Defendant again appealed, and the Court of Appeals again remanded for resentencing, holding that there must be a separate habitual felon indictment for each separate felony indictment. *State v. Patton,* 119 N.C. App. 229, 458 S.E.2d 230 (1995). For reasons that follow, we reverse and remand for reinstatement of defendant's sentences.

Any person who has been convicted of or pled guilty to three felony offenses is declared by statute to be an habitual felon. N.C.G.S. § 14-7.1 (1993). N.C.G.S. § 14-7.3 provides for the charging of a person as an habitual felon, in pertinent part, as follows:

An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the

defendant as an habitual felon shall be separate from the indict-
ment charging him with the principal felony. An indictment which
charges a person with being an habitual felon must set forth the
date that prior felony offenses were committed, the name of the
state or other sovereign against whom said felony offenses were
committed, the dates that pleas of guilty were entered to or con-
victions returned in said felony offenses, and the identity of the
court wherein said pleas or convictions took place.

The Court of Appeals construed this language as requiring a "one-to-
one correspondence" between substantive felony indictments and
habitual felon indictments. *Patton*, 119 N.C. App. at 232, 458 S.E.2d at
233.

Based on our reading of N.C.G.S. § 14-7.3, we conclude that a sep-
arate habitual felon indictment is not required for each substantive
felony indictment. " 'Where the language of a statute is clear and
unambiguous, there is no room for judicial construction and the
courts must construe the statute using its plain meaning.' " *State v.
Cheek*, 339 N.C. 725, 728, 453 S.E.2d 862, 864 (1995) (quoting *Burgess
v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136
(1990)). The requirement in § 14-7.3 that the habitual felon indictment
be a separate document from the predicate felony indictment is con-
sistent with the bifurcated nature of the trial. *See* N.C.G.S. § 14-7.5
(1993) (after defendant commits a fourth felony, trial for the substan-
tive felony is held first, and only after defendant is convicted of the
substantive felony is the habitual felon indictment revealed to and
considered by the jury). Therefore, the statute's plain meaning is only
that the habitual felon indictment must be a separate document, not
that a separate habitual felon indictment is required for each sub-
stantive felony charge.

Being an habitual felon is not a crime but rather a status which
subjects the individual who is subsequently convicted of a crime to
increased punishment for that crime. *State v. Allen*, 292 N.C. 431, 435,
233 S.E.2d 585, 588 (1977). Nevertheless, because § 14-7.3 requires
two separate indictments to sentence an individual as an habitual
felon, *id.* at 435, 233 S.E.2d at 587, and because the habitual felon
indictment is ancillary to the indictment for the substantive felony,
*id.* at 433-34, 233 S.E.2d at 587, the Court of Appeals reasoned that
one habitual felon indictment is required for each substantive felony
indictment. *Patton*, 119 N.C. App. at 231, 458 S.E.2d at 232. The court
relied upon *State v. Netcliff*, 116 N.C. App. 396, 448 S.E.2d 311 (1994),

STATE v. PATTON

[342 N.C. 633 (1996)]

in which the defendant was indicted for four substantive felonies and charged in four habitual felon indictments. At issue in *Netcliff* was whether the defendant's three previous felony convictions were sufficient to support habitual felon status, not whether the number of habitual felon indictments properly mirrored the number of substantive felony indictments. *Id.* at 401-02, 448 S.E.2d at 314. To the extent that it can be read to require a separate habitual felon indictment for each substantive felony indictment, however, *Netcliff* is overruled.

Our recent decision in *State v. Cheek*, 339 N.C. 725, 453 S.E.2d 862, further suggests this result. In *Cheek*, we held that "[n]othing in the plain wording of N.C.G.S. § 14-7.3 requires a specific reference to the predicate substantive felony in the habitual felon indictment." *Id.* at 728, 453 S.E.2d at 864. As further support for holding that no reference to the substantive felony is required in the habitual felon indictment, we noted that a defendant charged as an habitual felon is defending himself against a charge that he has at least three prior felony convictions, not against the predicate substantive felony. *Id.* at 729, 453 S.E.2d at 864. Each of these reasons supports our holding in this case that a separate habitual felon indictment is not required for each predicate substantive felony indictment. Such a requirement would exceed the intent of the legislature and undermine the holding in *Cheek*.

One fundamental purpose of § 14-7.3 is to provide notice to a defendant that he is being prosecuted for his substantive felony as a recidivist. *Allen*, 292 N.C. at 436, 233 S.E.2d at 588. A single habitual felon indictment in compliance with § 14-7.3 provides adequate notice of the State's intention to prosecute a defendant as a recidivist, regardless of the number of substantive felonies for which the defendant is being tried at that time. The statute and our case law require nothing further.

For the foregoing reasons, we reverse the decision of the Court of Appeals and remand to that court for further remand to the Superior Court, Caldwell County, for reinstatement of the sentences previously entered.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.