STATE OF NORTH CAROLINA v. DEDRIC PAXTON CRUMP, DEFENDANT

No. COA05-902

(Filed 1 August 2006)

**1. Constitutional Law— double jeopardy—possession of firearm by felon—basis for second conviction—habitual felon sentence**

Defendant was not subjected to multiple punishments in violation of double jeopardy by the State's use of his 1998 conviction for possession of a firearm by a felon to support his current conviction of possession of a firearm by a felon and his sentence as an habitual felon.

**2. Constitutional Law— double jeopardy—firearms possession by felon—two offenses—no violation**

Defendant was not subjected to double jeopardy where he was convicted of a cocaine offense in 1991, possession of a firearm by a felon in 1998, and possession of a firearm by a felon again in 2003. Defendant was convicted and punished in 2003 only for the latest offense and did not receive multiple punishments for the 1991 conviction.

Appeal by defendant from judgment entered 12 October 2004 by Judge A. Moses Massey in Forsyth County Superior Court. Heard in the Court of Appeals 22 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General David L. Elliott, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant-appellant.*

GEER, Judge.

Defendant Dedric Paxton Crump appeals his conviction for possession of a firearm by a felon. Defendant argues that the indictments charging him with this offense and as attaining the status of a habitual felon unconstitutionally subjected him to double jeopardy by "double-counting" a prior controlled substances conviction and a prior conviction for possession of a firearm by a felon. Defendant's arguments confuse "double-counting" with double jeopardy. Defendant has not shown that he has been re-prosecuted or re-punished for his prior offenses, but, rather, has merely shown that some of his prior convictions factored into his current conviction and sentence in accord with North Carolina's recidivist statutes. Consequently, defendant has failed to show a violation of the Double Jeopardy Clause.

Facts

The State's evidence at trial tended to show the following facts. In the early morning hours of 30 May 2003, Officer James Deeney of the Winston-Salem Police Department observed a white Ford Contour sedan weave into the opposing traffic lane for about half a block. The officer ran a history of the license plate and discovered that it actually belonged to a Chevrolet pickup truck.

Officer Deeney pulled up behind the Contour and initiated a traffic stop by turning on his lights and sounding his siren. The Contour, however, continued driving and ultimately turned down two roads before coming to a stop in defendant's driveway. As defendant exited from the driver's seat, Officer Deeney observed that two other passengers remained in the car. After the officer determined that defendant's license had been permanently suspended, he arrested defendant and placed him in the rear of the patrol car. When the officer returned to the Contour, he noticed a handgun in the grass about a foot away from the front passenger door.

At the police station, defendant told police that he had been outside a bar with his younger brother and his brother's friend, "Mossey." Mossey told defendant that he could not get into the bar because he had a gun and asked defendant if he would hide it for him. Defendant agreed, took the gun, and began driving home. When defendant was stopped by Officer Deeney, he asked his passengers to throw the gun out of the car window.

On 21 July 2003, defendant was indicted for possession of a firearm by a felon. According to the indictment, defendant, at the time of his 2003 arrest, was a felon because of a 1998 conviction for possession of a firearm by a felon. On 20 October 2003, defendant was also indicted for having achieved habitual felon status. For the three predicate felonies, the indictment alleged convictions for possession of cocaine in 1991, felony larceny in 1997, and possession of a firearm by a felon in 1998.

At trial, Precious Bailey testified on defendant's behalf. She explained that she and her sister were the passengers Officer Deeney observed in the Contour on 30 May 2003. Ms. Bailey stated that the two women had been waiting in the car outside of a bar while defendant made a phone call. Before defendant returned, Mossey got into the rear seat next to Ms. Bailey and placed the gun underneath the driver's seat. After they drove away from the bar, Ms. Bailey told defendant there was a gun in the car, and he responded "okay." When they pulled into the driveway, and the patrol car pulled in behind them, defendant reached under his seat and handed the gun to Ms. Bailey's sister, who was seated in the front passenger seat, and told her to throw the gun out of the window.

On 12 October 2004, a jury found defendant guilty of possession of a firearm by a felon. Defendant thereafter pled guilty to achieving habitual felon status and was sentenced to a term of 93 to 121 months in prison. Defendant timely appealed to this Court.

I

[1] We first address defendant's argument that his habitual felon indictment subjected him to double jeopardy because "it resulted in the State's use of [his 1998 conviction for possession of a firearm by a felon] for two purposes"—namely, to support defendant's current conviction for possession of a firearm by a felon and to support defendant's sentencing as a habitual felon. The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Although the North Carolina Constitution contains no express provision prohibiting double jeopardy, it is regarded as an "integral part" of our Constitution's Law of the Land Clause, N.C. Const. art. I, § 19. *State v. Ballard,* 280 N.C. 479, 482, 186 S.E.2d 372, 373 (1972).

The United States Supreme Court has explained that the Double Jeopardy Clause "serves the function of preventing both successive punishment and successive prosecution, and that the Constitution was designed as much to prevent the criminal from being twice punished for the same offence [sic] as from being twice tried for it." *Witte v. United States*, 515 U.S. 389, 395-96, 132 L. Ed. 2d 351, 361, 115 S. Ct. 2199, 2204 (1995) (internal citations and quotation marks omitted). Accordingly, our Supreme Court has recently explained that "[t]he Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Tirado*, 358 N.C. 551, 578, 599 S.E.2d 515, 534 (2004), *cert. denied sub nom. Queen v. North Carolina*, 544 U.S. 909, 161 L. Ed. 2d 285, 125 S. Ct. 1600 (2005).

In this case, defendant does not specify which of these three double jeopardy abuses he is alleging the State committed. We can be certain that it is not the first; there is no acquittal at issue. Moreover, defendant has not been "re-prosecuted" for his 1998 possession of a firearm by a felon conviction—the prosecution below related only to his possession of a firearm on 30 May 2003. *See Missouri v. Hunter*, 459 U.S. 359, 365, 74 L. Ed. 2d 535, 542, 103 S. Ct. 673, 678 (1983) ("Because respondent has been subjected to only one trial, it is not contended that his right to be free from multiple trials for the same offense has been violated."). Thus, to the extent defendant has been subjected to double jeopardy, it must be under the third variation: multiple punishments for the same offense.

Consequently, defendant's only potential double jeopardy argument is that, by utilizing his 1998 conviction for possession of a firearm by a felon as both (1) the underlying felony for his current possession of a firearm prosecution and (2) one of the underlying felonies for his habitual felon indictment, he has been punished multiple times for his 1998 conviction for possession of a firearm by a felon. This Court has, however, already rejected this argument. *See State v. Glasco*, 160 N.C. App. 150, 160, 585 S.E.2d 257, 264 ("[E]lements used to establish an underlying conviction may also be used to establish a defendant's status as a habitual felon."), *disc. review denied*, 357 N.C. 580, 589 S.E.2d 356 (2003).

It is well-settled that a sentence flowing from habitual felon status is not another punishment for a prior offense—*i.e.*, the 1998 possession of a firearm by a felon conviction—but, rather, an enhanced

sentence for the present underlying felony, *i.e.*, the current possession of a firearm by a felon. *See, e.g., State v. Patton,* 119 N.C. App. 229, 231, 458 S.E.2d 230, 232 (1995) ("Being an habitual felon . . . subjects the individual subsequently convicted of a crime to increased punishment *for that crime.*" (emphasis added)), *rev'd on other grounds,* 342 N.C. 633, 466 S.E.2d 708 (1996); *State v. Penland,* 89 N.C. App. 350, 351, 365 S.E.2d 721, 722 (1988) ("Upon a conviction as an habitual felon, the court must sentence the defendant *for the underlying felony* as a Class C felon." (emphasis added)). *See also State v. Todd,* 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985) ("We begin by rejecting outright the suggestion that our legislature is constitutionally prohibited from enhancing punishment for habitual offenders as violations of constitutional strictures dealing with double jeopardy . . . .").

Indeed, the United States Supreme Court adopted this very rationale over 100 years ago in *Moore v. Missouri,* 159 U.S. 673, 40 L. Ed. 301, 16 S. Ct. 179 (1895), while explicitly rejecting a double jeopardy challenge to recidivist sentencing. The Court held that:

> The reason for holding that the accused is not again punished for the first offense is . . . that the punishment is for the last offense committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself; . . . that the statute imposes a higher punishment for the same offense upon one who proves, by a second or third conviction, that the former punishment has been inefficacious in doing the work of reform for which it was designed; . . . that the punishment for the second is increased, because by his persistence in the perpetration of crime, he has evinced a depravity which merits a greater punishment, and needs to be restrained by severer penalties than if it were his first offense; and . . . that it is just that an old offender should be punished more severely for a second offense—that repetition of the offense aggravates guilt.

*Id.* at 677, 40 L. Ed. at 303, 16 S. Ct. at 181 (internal quotation marks omitted). *See also Spencer v. Texas,* 385 U.S. 554, 560, 17 L. Ed. 2d 606, 611, 87 S. Ct. 648, 651 (1967) (noting that recidivism statutes "have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy").

In the present case, as a consequence of defendant's 1998 conviction for possession of a firearm by a felon, it was unlawful for

defendant "to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction as defined in G.S. 14-288.8(c)." N.C. Gen. Stat. § 14-415.1(a) (2005). By possessing a firearm on 30 May 2003, defendant committed a fresh violation of this statute, and his punishment for that new crime cannot reasonably be said to re-punish the 1998 offense. Rather, it only punishes him for this new violation. Accordingly, the mere reliance on the 1998 conviction to establish that defendant was a recidivist for sentencing purposes does not implicate double jeopardy concerns. We, therefore, reject defendant's argument that he has been subjected to double jeopardy with respect to his 1998 possession of a firearm by a felon conviction.

II

[2] We next turn to defendant's argument that his indictment for possession of a firearm by a felon subjected him to double jeopardy "because it resulted in double-counting of . . . his conviction in 1991 . . . for possession with intent to manufacture, sell, and deliver cocaine." Defendant contends that his 1991 drug conviction has been impermissibly double-counted because it (1) was the underlying felony for his 1998 possession of a firearm by a felon conviction, and (2) was used "derivatively" as the underlying felony for his current possession of a firearm by a felon conviction, because the 1998 possession of a firearm by a felon conviction was used as the underlying felony for his current possession of a firearm by a felon conviction.

As was the case with defendant's 1998 firearm conviction, defendant was neither acquitted of nor prosecuted a second time for his 1991 drug conviction, and, consequently, defendant must show he has received multiple punishments for the 1991 conviction in order to establish a double jeopardy violation. *Tirado*, 358 N.C. at 578, 599 S.E.2d at 534. In 1991, defendant was convicted of and punished for his drug offense. One of the consequences of that conviction was that he was barred from ever possessing a firearm under N.C. Gen. Stat. § 14-415.1(a). When, in 1998, he possessed a firearm in violation of that statute, he was again convicted and punished—not a second time for the 1991 drug conviction, but for the first time for this new offense under § 14-415.1(a). Defendant was, of course, still barred from thereafter possessing a firearm. Consequently, when defendant, in 2003, again unlawfully possessed a firearm, he was convicted and punished only for this new offense. Defendant has, therefore, failed to show that he has received multiple punishments for the 1991 conviction.

In short, defendant's arguments on appeal assert a legal theory that does not exist. The "double-counting" alleged by defendant in his arguments fails to implicate "double jeopardy" as defendant has not been re-prosecuted or re-punished for either his 1998 or 1991 convictions. Accordingly, defendant's assignments of error are overruled.

No error.

Judges McGEE and CALABRIA concur.