STATE OF NORTH CAROLINA v. HARVEY LEE NEAL, JR.

No. COA08-690

(Filed 7 April 2009)

**1. Drugs— possession of cocaine with intent to sell or deliver—sale of cocaine—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of possession of cocaine with intent to sell or deliver and the sale of cocaine because: (1) defendant cited no North Carolina cases holding or implying that the trial court may override a jury's duty to weigh the credibility of a witness, and thus this argument is deemed abandoned under N.C. R. App. P. 28(b)(6); and (2) although defendant argued that the quantity of the drug seized was a relevant factor in determining whether defendant had an intent to sell, defendant admitted in his brief that the State presented evidence of defendant's actual sale of cocaine.

**2. Jury— observation of defendant's prior criminal record—failure to question jury**

The trial court did not err in a possession of cocaine with intent to sell or deliver and the sale of cocaine case by failing to question the jury about whether it had observed defendants' criminal record when the State reviewed a printed copy of it at counsel table during the jury charge because: (1) the trial court took judicial notice that the first row of the jury box was twenty feet from the State's counsel table and that it would be physically impossible from that distance for any juror to read the papers; and (2) the trial court exercised sound discretion in deciding not to disturb deliberations to individually question the jurors.

**3. Sentencing— habitual felon—same underlying felony used for underlying conviction**

The trial court did not err by using defendant's conviction of assault with a deadly weapon with intent to kill inflicting serious

STATE v. NEAL

[196 N.C. App. 100 (2009)]

injury as an underlying prior felony for both the possession of a firearm by a felon charge and the habitual felon charge because the Court of Appeals has previously held that elements used to establish an underlying conviction may also be used to establish a defendant's status as an habitual felon.

4. **Constitutional Law— right to fair and impartial jury—magistrate judge with prior involvement in case seated on jury**

A defendant was deprived of his right to a fair and impartial jury in a drug case by the seating of a magistrate judge as a member and foreperson of the jury when the magistrate judge had prior involvement with defendant's case and had previous knowledge of defendant, and defendant's motion for appropriate relief is granted with defendant being given a new trial, because: (1) a specific inquiry into the mind of the person directly involved is not necessary to hold that a defendant's right to due process was violated by that person's participation; (2) defendant need not demonstrate that the magistrate shared the information about defendant with the other members of the jury since defendant was entitled to a jury of twelve; (3) having been a part of the process of charging defendant, the magistrate inherently cannot be wholly disinterested in the conviction or acquittal of defendant; and (4) whether the magistrate remembers his prior involvement with defendant, his participation as a jury member so undermined the confidence in the integrity of defendant's trial that defendant's conviction was obtained in violation of the United States and North Carolina Constitutions.

Appeal by Defendant from judgments entered 28 November 2007 by Judge Jack A. Thompson in Superior Court, Johnston County. Heard in the Court of Appeals 14 January 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Kimberly D. Potter, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Charles K. McCotter, Jr. for Defendant-Appellant.*

McGEE, Judge.

Harvey Lee Neal, Jr. (Defendant) was convicted by a jury of possession of cocaine with the intent to sell or deliver and the sale of cocaine in 06 CRS 54823 on 28 November 2007. Defendant entered

pleas of guilty to possession of a firearm by a felon in 06 CRS 53645[1] and to being a habitual felon in 07 CRS 04060 on 28 November 2007. Defendant's convictions in 06 CRS 54823 were consolidated for judgment and the trial court sentenced Defendant to a term of 107 months to 138 months in prison. Defendant's sentences in 06 CRS 53645 and 07 CRS 04060 were consolidated and the trial court sentenced Defendant to a term of 107 months to 138 months in prison for those charges. Defendant's sentences run concurrently. Defendant appealed and filed a motion for appropriate relief with his appeal.

At trial, the State presented the following evidence: Carlotta Watson (Watson), a confidential informant, testified that on 3 March 2006, she met with officers of the Kenly Police Department in a graveyard to discuss making buys from persons selling illegal drugs. While in the graveyard, Defendant passed by and the officers asked Watson to make a drug purchase from Defendant. Watson agreed and officers placed a wire on her. Watson testified that she walked to a nearby trailer park where she found Defendant. Watson gave Defendant twenty dollars and Defendant gave her crack cocaine in return.

Chief Joshua Gibson with the Kenly Police Department also testified regarding the arranged buy between Watson and Defendant on 3 March 2006. Chief Gibson said officers wired Watson and tape recorded the drug sale. However, the tape recording was lost prior to trial. Chief Gibson testified that while there was surveillance of the drug purchase, he did not actually see it take place.

Lori Knops (Knops), a forensic chemist for the State Bureau of Investigation, testified regarding the chain of custody of the substance Watson purchased from Defendant. Knops testified the substance analyzed from the purchase was one-tenth of a gram of cocaine base.

At the close of the State's evidence, Defendant moved to dismiss the charges for insufficiency of the evidence. The trial court denied Defendant's motion. Defendant presented no evidence and renewed his motion to dismiss. The trial court again denied Defendant's motion.

---

1. The record indicates the State dismissed Defendant's possession of a firearm charge in 06 CRS 53645 on 15 February 2007 and recharged Defendant with possession of a firearm by a felon in 07 CRS 1183. However, the transcript of Defendant's plea, prior record level worksheet, judgment, and the notice of appeal all reference 06 CRS 53645 as the case number for Defendant's charge of possession of a firearm by a felon.

I.

[1] Defendant assigns error to the trial court's denial of his motions to dismiss the charges of possession of cocaine with the intent to sell or deliver and the sale of cocaine for insufficiency of the evidence. Defendant contends that (1) issues with Watson's credibility warranted dismissal and (2) the quantity of cocaine seized did not support the "intent to sell" element.

The standard of review for a motion to dismiss in a criminal trial is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lessor offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "In reviewing challenges to the sufficiency of the evidence, [our Court] must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citing *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992)).

The offense of possession with intent to sell or deliver has three elements: (1) there must be possession of a substance, (2) the substance must be a controlled substance, and (3) there must be an intent to distribute or sell the controlled substance. *State v. Casey*, 59 N.C. App. 99, 116, 296 S.E.2d 473, 483-84 (1982). The offense of sale of cocaine has two elements: (1) the sale or delivery of (2) a controlled substance (cocaine). N.C. Gen. Stat. § 90-95(a)(1) (2007).

Credibility of a witness is generally an issue for jury determination. *State v. Smith*, 360 N.C. 341, 348, 626 S.E.2d 258, 262 (2006). Defendant cites no North Carolina decisions holding or implying that the trial court may override a jury's duty to weigh the credibility of a witness. Therefore, pursuant to N.C.R. App. P. 28(b)(6), we deem this argument abandoned.

Defendant argues the quantity of the drug seized is a relevant factor in determining whether Defendant had an intent to sell. However, Defendant admits in his brief that the State presented evidence of Defendant's *actual* sale of cocaine. Therefore, we find the State clearly presented substantial evidence of each element of the offenses. Defendant's first argument is without merit.

II.

[2] Defendant next argues the trial court erred in not questioning the jury about whether the jury had observed Defendant's criminal record

when the State reviewed a printed copy of Defendant's criminal record at counsel table during the jury charge. Defendant cites his right to have a "panel of impartial, indifferent, jurors." *Irvin v. Dowd*, 366 U.S. 717, 722, 6 L. Ed. 2d 751, 755 (1961). A trial court has the duty and responsibility to make investigations to ensure jurors remain impartial, uninfluenced by outside forces, and free from misconduct. *See State v. Williams*, 330 N.C. 579, 583, 411 S.E.2d 814, 817 (1992); *State v. Rutherford*, 70 N.C. App. 674, 677, 320 S.E.2d 916, 919 (1984), *disc. review denied*, 313 N.C. 335, 327 S.E.2d 897 (1985). " '[T]he determination of the existence and effect of jury misconduct is primarily for the trial court whose decision will be given great weight on appeal.' " *State v. Buckom*, 126 N.C. App. 368, 382, 485 S.E.2d 319, 328 (1997), *cert. denied*, 522 U.S. 973, 139 L. Ed. 2d 326 (1997) (quoting *State v. Gilbert*, 47 N.C. App. 316, 319, 267 S.E.2d 378, 379 (1980)).

After the jury retired, Defendant brought to the trial court's attention the fact that the State physically reviewed a printed copy of Defendant's criminal record during the jury charge. Defendant expressed concern that there was a possibility that one or more jurors were aware the State was looking at Defendant's printed criminal record. After hearing Defendant's argument, the trial court determined that no prejudicial error had been committed and that it was not necessary to interrupt jury deliberations to specifically question the jurors. Defendant contends that by refusing to specifically question the jurors, the trial court abused its discretion by failing in its responsibility to ensure the jurors remained impartial. However, the trial court took judicial notice that the first row of the jury box was twenty feet from the State's counsel table. The trial court noted it would be physically impossible from that distance for any juror to read the papers at the State's counsel table. Therefore, we find the trial court exercised sound discretion in deciding not to disturb deliberations to individually question the jurors. Defendant's second argument is without merit. [T. P. 163]

III.

[3] Defendant argues the trial court erred in using Defendant's conviction of assault with a deadly weapon with intent to kill inflicting serious injury as an underlying prior felony for both the possession of a firearm by a felon charge and the habitual felon charge. Defendant contends the use of the same felony for both charges violates his right to be free from double jeopardy. However, our Court has determined that "elements used to establish an underlying conviction may also be used to establish a defendant's status as a habitual felon." *State v.*

*Glasco,* 160 N.C. App. 150, 160, 585 S.E.2d 257, 264, *disc. review denied,* 357 N.C. 580, 589 S.E.2d 356 (2003) (citing *State v. Misenheimer,* 123 N.C. App. 156, 158, 472 S.E.2d 191, 192-93, *cert. denied,* 344 N.C. 441, 476 S.E.2d 128 (1996)); *see also State v. Crump,* 178 N.C. App. 717, 632 S.E.2d 233 (2006), *disc. review denied,* 361 N.C. 431, 648 S.E.2d 851 (2007). Therefore, Defendant's third argument is without merit.

## IV.

**[4]** Defendant argues both on appeal and in a motion for appropriate relief filed with our Court that he was deprived of his right to a fair and impartial jury by the seating of Johnston County Magistrate James Michael Whitley (Magistrate Whitley) as a member and foreperson of the jury because Magistrate Whitley had prior involvement with Defendant's case and had previous knowledge of Defendant. The relevant facts pertaining to this issue are as follows.

It is undisputed by the State that Magistrate Whitley had prior knowledge of Defendant dating back to 1997, and he was directly involved in the charges for which Defendant was being tried and for which Magistrate Whitley was sitting as foreperson of the jury. Magistrate Whitley was the magistrate on the return of service when Defendant was arrested on two prior drug charges in 1997. The judgment in those cases, 97 CRS 6074 and 97 CRS 6075, was attached to the indictment for possession of a firearm by a felon, and as supporting the habitual felon indictment to which Defendant pled on 28 November 2007. In addition, the two 1997 drug charges were listed on the prior record worksheet as prior felonies supporting Defendant's criminal history in the present case.

The record further shows that Magistrate Whitley signed the return of service on the warrants for possession of cocaine with the intent to sell or deliver and the sale of cocaine for which Defendant was being tried. Magistrate Whitley also signed the return of service for Defendant's charges of possession of a firearm by a felon and robbery with a dangerous weapon. Further, Magistrate Whitley was the magistrate who set the conditions of Defendant's release for the above charges as well as for an assault with a deadly weapon charge.

Magistrate Whitley was juror number twelve in the present case, and he was eventually selected to be the foreperson of the jury. There is no transcript in the record of the *voir dire* examination of the jurors. However, Defendant contends that questioning of Magistrate Whitley during the jury selection process did not reveal that

Magistrate Whitley had knowledge of Defendant's prior and current charges. After the judgments were entered and Defendant reviewed the record, Defendant realized Magistrate Whitley's personal involvement with Defendant's charges. Defendant states that had he realized Magistrate Whitley was the magistrate on the return of service in his present and prior charges, he would have challenged Magistrate Whitley for cause.

Defendant contends that allowing Magistrate Whitley to sit on the jury, both as a member of the jury and as foreperson, deprived Defendant of his right to a fair and impartial jury, and violated the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article I, §§ 19 and 24 of the North Carolina Constitution. However, constitutional issues not raised at trial will not ordinarily be considered for the first time on appeal. N.C.R. App. P. 10(b)(1). *See also State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982). By not challenging for cause Magistrate Whitley as a juror during the jury selection process and by failing to object to Magistrate Whitley serving as a juror at any point during the trial, Defendant failed to preserve his argument that Magistrate Whitley's participation violated Defendant's constitutional rights.

However, Defendant filed a motion for appropriate relief with our Court on 14 July 2008, pursuant to N.C. Gen. Stat. § 15A-1418. N.C. Gen. Stat. § 15A-1418 states:

> (a) When a case is in the appellate division for review, a motion for appropriate relief based upon grounds set out in G.S. 15A-1415 must be made in the appellate division.
>
> . . .
>
> (b) When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it. . . . If the appellate court does not remand the case for proceedings on the motion, it may determine the motion in conjunction with the appeal and enter its ruling on the motion with its determination of the case.

N.C. Gen. Stat. § 15A-1418 (2007).

The State does not dispute that Magistrate Whitley had prior knowledge of Defendant, and that he was directly involved in the charges for which Defendant was being tried and for which

Magistrate Whitley was sitting as foreperson of the jury. Further, attached to his motion for appropriate relief, Defendant submitted affidavits and copies of Defendant's previous warrants signed by Magistrate Whitley. Therefore, we are satisfied we can determine Defendant's motion for appropriate relief based on the materials before us.

In Defendant's motion for appropriate relief, Defendant contends he is entitled to appropriate relief under N.C. Gen. Stat. § 15A-1415(b)(3) because his conviction was obtained in violation of the Constitution of the United States and the Constitution of North Carolina. After review, we agree.

The Fifth, Sixth and Fourteenth Amendments to the United States Constitution guarantee a defendant to a trial by an impartial jury. The requirement of neutrality and the appearance of impartiality are vital safeguards fiercely protected by our Courts. Our United States Supreme Court has "always been sensitive to the possibility that important actors in the criminal justice system may be influenced by factors that threaten to compromise the performance of their duty." *Young v. U.S. ex rel. Vuitton et Fils S. A.*, 481 U.S. 787, 810, 95 L. Ed. 2d 740, 760 (1987). The United States Supreme Court has held that

> the Due Process Clause would not permit any "procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused."

*Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 64 L. Ed. 2d 182, 188 (1980) (quoting *Tumey v. Ohio*, 273 U.S. 510, 532, 71 L. Ed. 749, 758 (1927)). While we have found no prior decisions involving facts similar to the case before us where a magistrate participated in the process of charging a defendant and then sat on the defendant's jury for those same charges, several United States Supreme Court decisions are instructive on the due process requirement of the neutrality of participants in the adjudicatory process.

In *Mayberry v. Pennsylvania*, our U.S. Supreme Court concluded that "by reason of the Due Process Clause of the Fourteenth Amendment a defendant in criminal contempt proceedings should be given a public trial before a judge other than the one reviled by the contemnor." *Mayberry v. Pennsylvania*, 400 U.S. 455, 466, 27 L. Ed. 2d 532, 540 (1971). In *Morrissey v. Brewer*, after concluding the require-

ments of due process in general applied to parole revocations, the Supreme Court held that "due process require[d] that after the arrest, the determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case." *Morrissey v. Brewer*, 408 U.S. 471, 485, 33 L. Ed. 2d 484, 497 (1972). In *Re Murchison*, petitioners sought review of their contempt convictions by a trial judge who had also served as the "one-man grand jury." *Re Murchison*, 349 U.S. 133, 99 L. Ed. 942 (1955). The Supreme Court in *Murchison* said:

> It would be very strange if our system of law permitted a judge to act as a grand jury and then try the very persons accused as a result of his investigations. Perhaps no State has ever forced a defendant to accept grand jurors as proper trial jurors to pass on charges growing out of their hearings. A single "judge-grand jury" is even more a part of the accusatory process than an ordinary lay grand juror. Having been a part of that process a judge cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused. While he would not likely have all the zeal of a prosecutor, it can certainly not be said that he would have none of that zeal. Fair trials are too important a part of our free society to let prosecuting judges be trial judges of the charges they prefer.

*Id.* at 137, 99 L. Ed. at 946-47 (footnotes omitted).

A specific inquiry into the mind of the person directly involved is not necessary to hold that a defendant's right to due process is violated by that person's participation. *Morrissey*, 408 U.S. at 486, 33 L. Ed. 2d at 497. Further, Defendant need not demonstrate that Magistrate Whitley shared the information about Defendant with the other members of the jury because Defendant is entitled to a jury of twelve. *See State v. Bindyke*, 288 N.C. 608, 220 S.E.2d 521 (1975). If Magistrate Whitley's participation violates Defendant's right to an impartial jury, his participation also violates Defendant's right to a jury of twelve. "A trial by a jury which is improperly constituted is so fundamentally flawed that the verdict cannot stand." *State v. Bunning*, 346 N.C. 253, 257, 485 S.E.2d 290, 292 (1997).

The United States Supreme Court, in deciding the above cases, emphasized the importance of neutrality and impartiality required by the Due Process Clause. In the case before us, Defendant had previously appeared before Magistrate Whitley. Magistrate Whitley had not only set Defendant's pre-trial release conditions, he was the magis-

trate who signed the return of service on Defendant's present charges. Further, Magistrate Whitley had signed the return of service for Defendant's two 1997 drug charges that were virtually identical to the charges in the present case for which Defendant was tried and which Magistrate Whitley sat as foreperson of the jury.

We hold Defendant's constitutional right to an impartial jury was violated because Magistrate Whitley served on Defendant's jury while having personal knowledge of Defendant's prior drug charges and after having direct involvement with the charges for which he ultimately participated in deciding Defendant's guilt or innocence. As in *Murchison*, having been a part of the process of charging Defendant, Magistrate Whitley inherently cannot be wholly disinterested in the conviction or acquittal of Defendant. *Murchison* at 137, 99 L. Ed. at 947. The requirement of neutrality and the appearance of impartiality are cornerstones upon which our system of justice rests. The perception of impermissible bias in a juror shakes the foundation of a defendant's constitutional right to an impartial jury. Therefore, whether or not Magistrate Whitley remembered his prior involvement with Defendant, we find Magistrate Whitley's participation as a jury member so undermines the confidence in the integrity of Defendant's trial that Defendant's conviction was obtained in violation of the United States and North Carolina Constitutions. Therefore, Defendant's motion for appropriate relief is granted and Defendant must be given a new trial.

New trial.

Judges JACKSON and HUNTER, JR. concur.